UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOCKET NO. 301CV295CFD

ARLEANA DUFFY, PLAINTIFF

v.

STATE OF CONNECTICUT, UNIVERSITY OF CONNECTICUT HEALTH CENTER & STATE OF CONNECTICUT DEPARTMENT OF CORRECTIONS, DEFENDANTS

FEBRUARY 18, 2004

FILED
2004 MAR -3 P 1:23
U.S. DISTRICT COURT
HARTFORD CT.

# JOINT TRIAL MEMORANDUM

## 1. TRIAL COUNSEL

A. Counsel for Plaintiff:
Tani E. Sapirstein, Esq.
SAPIRSTEIN & SAPIRSTEIN, P.C.
1341 Main Street, 3rd Floor
Springfield, MA 01103
Tel: (413) 827-7500
Fax: (413) 827-7797
Federal Bar #21160

B. Counsel for Defendants:
Antoria D. Howard, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT 06141-0120
Tel: (860) 808-5047
Fax: (860) 808-5385
Federal Bar #ct17494

## 2. JURISDICTION

Jurisdiction is pursuant to 42 U.S.C. § 2000e - 5(f)(3).

## 3. JURY/NON-JURY

This is a jury case.

4. **NATURE OF THE CASE:**

A. **Claims**

1. Sex Discrimination - 42 U.S.C. § 2000(e) et seq. (Title VII)

A plaintiff seeking relief for sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII") may proceed on a theory of quid pro quo harassment. See Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986); Torres v. Pisano, 116 F.3d 625, 630 (2d Cir.), cert. denied, 522 U.S. 997 (1997). "[T]o establish a prima facie case of quid pro quo harassment, a plaintiff must present evidence that she was subject to unwelcome sexual conduct, and that her reaction to that conduct was then used as the basis for decisions affecting the compensation, terms, conditions or privileges of her employment." Karibian v. Columbia University, 14 F.3d 773, 777 (2d Cir.), cert. denied, 512 U.S. 1213 (1994). "[T]he law imposes strict liability on the employer for quid pro quo harassment." Karibian, 14 F.3d at 777.

2. Sex Discrimination -C.G.S. §46a-60 (a) (1)

Connecticut state courts follow federal case law interpreting Title VII, when defining the legal elements of a claim under § 46a-60. See State v. Commission on Human Rights & Opportunities, 211 Conn. 464, 469-70 (1989); Brittell v. Department of Corrections, 237 Conn. 147, 164 (1998).

3. Hostile Work Environment - 42 U.S.C. § 2000(e) et seq. (Title VII)

A plaintiff seeking relief for sexual harassment under Title VII may also proceed under a theory that the sexual harassment resulted in a hostile or abusive work environment. See Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986); Torres v. Pisano, 116 F.3d 625, 630 (2d Cir.), cert. denied, 522 U.S. 997 (1997). In order to prevail on a hostile work environment claim, a plaintiff must establish the following elements:

a. The plaintiff must prove that she was subjected to unwelcome harassment that was related to her sex.

b. The plaintiff must prove that the harassment was "sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

c. "[T]he plaintiff must show a specific basis for imputing the hostile work environment to the employer." Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2nd Cir. 1997).

An employer is presumed to be responsible for the hostile work environment, with limited exceptions, in cases in which the perpetrator of the harassment was the victim's supervisor. See e.g. Burlington Industries v. Ellerth, 524 U.S. 742, 765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998). In such cases, an employer may avoid liability only if (1) the harassment did not culminate in a tangible employment action; (2) it exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (3) the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer. See Ellerth, 524 U.S. at 765; Faragher, 524 U.S. at 807-08.

4. Hostile Work Environment - C.G.S. §46a-60 (a) (8)

Connecticut state courts follow federal case law interpreting Title VII of the Civil Rights Act of 1964, when defining the legal elements of a claim under § 46a-60. See State v. Commission on Human Rights & Opportunities, 211 Conn. 464, 469-70 (1989); Brittell v. Department of Corrections, 237 Conn. 147, 164 (1998).

**B. Defenses**

The defendants contend that the plaintiff has failed to state a claim for which relief may be granted under Title VII. The defendant, Department of Corrections, alleges that it is not the plaintiff's employer and as such it is not liable under Title VII.

**C. Relief Sought**

Plaintiff seeks the following relief:

1. Compensatory damages;
2. Emotional distress damages;
3. Attorneys' fees; and
4. Costs.

**5. STIPULATIONS OF FACT AND LAW**

**A. Stipulated Facts**

1. At all times relevant to the complaint, the plaintiff, Arleana Duffy, was an individual with a residence in Springfield, Massachusetts.

2. Defendant, State of Connecticut, University of Connecticut Health Center, is a state agency employing more than fifteen (15) persons, with a usual place of business located in Farmington, Connecticut.

3. Defendant, State of Connecticut Department of Correction is a state agency employing more than fifteen (15) persons, with its central offices located in Wethersfield, Connecticut. The Department of Correction operates the facility known as Osborn Correction Institution located in Somers, Connecticut.

4. The plaintiff began work for the University of Connecticut Health Center as a dental assistant in September 1999. She was assigned to work at the Osborn Correctional Institution in Somers, Connecticut.

**B. Stipulated Law**

1. A plaintiff seeking relief for sexual harassment under Title VII may also proceed under a theory that the sexual harassment resulted in a hostile or abusive work environment. See Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986); Torres v. Pisano, 116 F.3d 625, 630 (2d Cir.), cert. denied, 522 U.S. 997 (1997). In order to prevail on a hostile work environment claim, a plaintiff must establish the following elements:

a. The plaintiff must prove that she was subjected to unwelcome harassment that was related to her sex.

b. The plaintiff must prove that the harassment was "sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

c. "[T]he plaintiff must show a specific basis for imputing the hostile work environment to the employer." Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2nd Cir. 1997).

2. Connecticut state courts follow federal case law interpreting Title VII of the Civil Rights Act of 1964, when defining the legal elements of a claim under § 46a-60. See State v. Commission on Human Rights & Opportunities, 211 Conn. 464, 469-70 (1989); Brittell v. Department of Corrections, 237 Conn. 147, 164 (1998).

**6. PLAINTIFF'S CONTENTIONS**

A. The Department of Corrections and University of Connecticut Health Center were both employers of Arleana Duffy and Michael Young.

B. Michael Young was Arleana Duffy's immediate supervisor.

C. Michael Young sexually harassed Arleana Duffy.

    D. The harassment Arleana Duffy suffered was severe and pervasive.

E. Arleana Duffy took advantage of the preventive and corrective opportunities provided by the Department of Corrections and University of Connecticut Health Center.

F. However, the Department of Corrections and University of Connecticut Health Center did not take reasonable steps to prevent the harassment Arleana Duffy suffered.

G. Additionally, the remedial action taken by the Department of Corrections and University of Connecticut Health Center was not prompt or adequate.

7. **DEFENDANTS' CONTENTIONS**

The defendants deny that they discriminated against the plaintiff because of her gender and subjected her to a hostile work environment. As soon as plaintiff reported receiving the letters to her supervisor, an investigation was begun. It was determined that Dr. Young had sent the letters and prompt action was taken against him. Dr. Young was immediately removed from Osborn, thus plaintiff was not subjected to a hostile work environment.

8. **LEGAL ISSUES**

A. Whether the Department of Corrections was an "employer" of Arleana Duffy and Michael Young.

B. Whether Michael Young was Arleana Duffy's "supervisor."

C. Whether the harassment suffered by Arleana Duffy was severe and pervasive.

D. Whether the Department of Corrections and University of Connecticut Health Center failed to take reasonable steps to prevent the harassment Arleana Duffy suffered.

E. Whether the Department of Corrections and University of Connecticut Health Center failed to take prompt, adequate remedial action.

F. Whether the Department of Correction is plaintiff's employer as required by Title VII and Conn. Gen. Stat. §46a-60?

G. Whether the defendant(s) discriminated against the plaintiff because of her gender?

H. Whether the defendants subjected the plaintiff to a hostile work environment?

**9. VOIR DIRE QUESTIONS**

Proposed Voir Dire Questions are attached hereto as Exhibit A.

**10. LIST OF WITNESSES AND OBJECTIONS**

**A. Plaintiff's Fact Witnesses**

1. Arleana Duffy
177 Slumber Lane
Springfield, Massachusetts

Ms. Duffy is expected to testify regarding her employment with the Department of Corrections and UCHC, the factual basis for the claims raised in her complaint and the damages she suffered as a result of the actions of Michael Young and the Defendants.

2. Lucy Duffy
177 Slumber Lane
Springfield, Massachusetts

Mrs. Duffy is expected to testify about the emotional distress suffered by Arleana Duffy as a result of the actions of Michael Young, the Department of Corrections and University of Connecticut Health Center.

3. Pamela Shea
34 Christine Drive
Southington, Connecticut

Pamela Shea is expected to testify about Arleana Duffy's employment with the Department of Corrections and University of Connecticut Health Center, Michael Young's employment with the Department of Corrections and University of Connecticut Health Center, Arleana Duffy's complaints of sexual harassment, the investigation into Arleana Duffy's complaints, the Loudermill hearing regarding Michael Young, the actions taken by the Defendants as a result of Michael Young's actions, and the damages suffered by Arleana Duffy.

4. Michael Young
106 Bloomfield Avenue
Windsor, Connecticut

Michael Young is expected to testify about his employment with the Department of Corrections and University of Connecticut Health Center, his role in the allegations made in Arleana Duffy's complaint, his anonymous notes to Marjorie Walsh, the investigation into Marjorie Walsh's complaints, the

investigation into Arleana Duffy's complaints, the Loudermill hearing regarding him, and the actions taken by the Defendants as a result of his actions.

5. Major Jeff McGill
P.O. Box 100
Bilton Road
Somers, Connecticut

Major Jeff McGill is expected to testify about Arleana Duffy's complaints of sexual harassment and the investigation into Arleana Duffy's complaints.

6. Karen Duffy Wallace
c/o University of Connecticut Health Center
263 Farmington Avenue
Farmington, Connecticut

Karen Duffy Wallace is expected to testify about the Loudermill hearing conducted regarding Michael Young and the actions taken by the Defendants as a result of Michael Young's actions.

7. Marjorie Walsh
Address unknown.

Marjorie Walsh is expected to testify about her complaints of sexual harassment and the investigation conducted into her complaints.

8. Lieutenant Bernard Loubier
c/o Department of Corrections
Address Unknown.

Lieutenant Bernard Loubier is expected to testify about Marjorie Walsh's complaints of sexual harassment and the investigation into Marjorie Walsh's complaints.

9. Ester McIntosh
c/o University of Connecticut Health Center
263 Farmington Avenue
Farmington, Connecticut

Ester McIntosh is expected to testify about the actions taken by the Defendants as a result of Michael Young's actions.

10. Leslie E. Brooks
c/o Department of Corrections

Warden Leslie Brooks is expected to testify about his authorization of the

investigation into Arleana Duffy's complaints.

**B. Plaintiff's Expert Witnesses**

Plaintiff will not call any expert witnesses

**C. Defendants' Fact Witnesses**

1. Arleana Duffy
177 Slumber Lane
Springfield, MA

The plaintiff may be called to testify about certain facts relating to the allegations of her complaint.

2. Pamela Shea
Department of Correction
24 Wolcott Hill Road
Wethersfield, CT

Ms. Shea will testify concerning her supervision of the plaintiff and the investigation into the anonymous letters. Ms. Shea will testify about facts pertaining to and/or refuting the plaintiff's allegations of discrimination and harassment.

3. Francine Dew
UCONN Health Center
Farmington Avenue
Farmington, CT

Ms. Dew will testify about the Health Center's affirmative action policies, processes and procedures. Ms. Dew will testify about facts pertaining to and/or refuting the plaintiff's allegations of discrimination and harassment.

4. Major Jeffrey McGill
Department of Corrections
24 Wolcott Hill Road
Wethersfield, CT

The plaintiff expects Major McGill to testify about the investigation into the anonymous letters.

5. Karen Duffy Wallace
UCONN Health Center
Farmington Avenue
Farmington, CT

         Ms. Duffy Wallace will testify concerning the investigation into anonymous letters and Dr. Young's Loudermill hearing, her findings and the discipline received. Ms. Duffy Wallace will also testify concerning the Memorandum of Understanding between UCONN Health Center and the Department of Correction.

The defendants reserve the right to add additional witnesses prior to trial and reserve the right to call rebuttal witnesses.

**D. Defendant's Expert Witnesses**

The Defendant does not expect to call expert witnesses in this case.

## 11. EXHIBITS AND MOTIONS IN LIMINE

**A. Plaintiff's Exhibits**

1. Arleana Duffy's Department of Corrections Background Information Sheet, dated July 23, 1999.

2. Arleana Duffy's Connecticut Department of Corrections Release of Information Form, dated July 23, 1999.

3. C.O.L.L.E.C.T. Investigation Report regarding Arleana Duffy, dated August 27, 1999.

4. Letter of Employment to Arleana Duffy, dated September 7, 1999.

5. Notice of Department of Correction Training Program to Arleana Duffy, dated September 24, 2003.

6. Arleana Duffy's State of Connecticut Designation of Retirement System-Tier-Plan-Beneficiary. Form, signed and dated September 10, 1999.

7. Arleana Duffy's Department of Correction Employee Handbook and signed Acknowledgment Form.

8. Addendum to the Memorandum of Understanding between the Department of Corrections and University of Connecticut Health Center, dated August 11, 1997.

9. Connecticut Department of Corrections Pre-Service Orientation Performance Appraisal of Arleana Duffy, completed November 26, 1999.

10. December 10, 1999 letter and envelope from Michael Young to Arleana Duffy.

11. Connecticut Department of Correction Incident Report completed by Arleana Duffy, dated December 17, 1999.

12. December 15, 1999 letter and envelope from Michael Young to Arleana Duffy.

13. December 16, 1999 letter and envelope from Michael Young to Arleana Duffy.

14. Major Jeff McGill's Investigation Report Summary.

15. December 19, 1999 letter and envelope from Michael Young to Arleana Duffy.

16. 1-800-FLOWERS Cards sent to Arleana Duffy.

17. Connecticut Department of Corrections Contraband/Criminal Physical Evidence Tag and Chain of Custody Form regarding items sent to Arleana Duffy.

18. December 21, 1999 Memorandum from Warden Leslie E. Brooks authorizing an investigation to be conducted by Major Jeff McGill.

19. Karen Duffy Wallace's notes of Loudermill hearing, dated January 26, 2000.

20. Incident Report completed by Marjorie Walsh, dated October 15, 1998.

21. Incident Report completed by Bernard Loubier regrading Marjorie Walsh, dated October 21, 1998.

22. Sign In/Out Sheets for Northern Correctional Institution Health Services, dated October 5, 1998 and October 9, 1998.

23. Notice of Administrative Leave from Pamela Shea to Michael Young, dated December 22, 1999.

24. "Last Chance Agreement" signed by Michael Young and Karen Duffy Wallace.

25. Requests for Leave Approved by Michael Young, dated November 5. 1999 and December 1, 1999.

26. Assignment of Michael Young to Manson Youth Institution, dated February 8, 2000.

**B. <u>Defendant's Exhibits</u>**

1. Plaintiff's application for employment with UCONN Health Center

2. Plaintiff's acceptance letter for the position of Dental Assistant dated September 7, 1999.

3. Statement of Plaintiff dated June 14, 2000.

4. Memorandum of Understanding between the University of Connecticut Health Center and the Department of Correction dated August 11, 1997.

5. Report of Investigation performed by Major Jeffrey McGill.

6. Letter to Michael Young dated December 22, 1999.

7. Stipulated Agreement dated February 4, 2000.

The defendants reserve the right to use any of the plaintiff's exhibits, to offer rebuttal exhibits, and to supplement its exhibit list prior to trial.

**12. DEPOSITION TESTIMONY**

A. Plaintiff does not anticipate any of Plaintiff's witnesses will testify by deposition at trial.

B. Defendant does not anticipate any of Defendant's witnesses will testify by deposition at trial.

**13. REQUEST FOR JURY INSTRUCTIONS AND VERDICT FORM**

A. Proposed Jury Instructions are attached hereto as Exhibit B.

B. A Proposed Verdict Form is attached hereto as Exhibit C.

**14. ANTICIPATED EVIDENTIARY PROBLEMS AND MOTIONS IN LIMINE**

A. Plaintiff does not anticipate any evidentiary problems.

B. Defendants do not anticipate any evidentiary problems at this time.

**15. PROPOSED FINDINGS AND CONCLUSIONS**

Not applicable.

**16. TRIAL TIME**

The parties anticipate that the trial on this matter will last approximately 5-6 days.

**17. FURTHER PROCEEDINGS**

A. The Plaintiff does not anticipate any further proceedings prior to trial.

B. The Defendants plain to file a Motion for Judgment on the Pleadings which the defendants contend will help narrow the issues for trial. Specifically, the defendants will argue that the Department of Correction should be dismissed from this case in that it is not the plaintiff's employer as required by Title VII and Conn. Gen. Stat. §46a-60.

**18. ELECTION FOR TRIAL BY MAGISTRATE**

A. The Plaintiff does not wish to have the case tried by a United States Magistrate.

B. The Defendant agrees to have this case tried by a United States Magistrate and the Defendant further agrees that any appeal would be heard by the Court of Appeals.

FOR THE PLAINTIFF
ARLEANA DUFFY,

By ______________________
Tani E. Sapirstein, Esq.
Federal Bar No. 21660
Sapirstein & Sapirstein
1341 Main Street, 3rd Floor
Springfield, MA 01103
Tel: (413) 827-7500
Fax: (413) 827-7797

FOR THE DEFENDANTS
STATE OF CONNECTICUT,
UNIVERSITY OF CONNECTICUT
HEALTH, AND THE STATE OF
CONNECTICUT DEPARTMENT OF
CORRECTION,

By ______________________
Antoria D. Howard
Assistant Attorney General
55 Elm Street, PO Box 120
Hartford, CT 06141-0120
Tel: (860) 808-4340
Federal Bar No. ct17494
E-Mail: Antoria.Howard@po.state.ct.us

Dated: March 2, 2004