UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOCKET NO. 301CV295CFD

| | |
|---|---|
| ARLEANA DUFFY,<br>        PLAINTIFF<br>v.<br><br>STATE OF CONNECTICUT,<br>UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER &<br>STATE OF CONNECTICUT<br>DEPARTMENT OF CORRECTIONS,<br>        DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>FEBRUARY 18, 2004 |

## PLAINTIFF'S STATEMENT OF THE CASE

The Plaintiff, Arleana Duffy, was employed as a dental assistant by the University of Connecticut Health Center, and the Connecticut Department of Corrections, commencing in September, 1999. Plaintiff reported to Pamela Shea, an administrator, and Dr. Michael Young, a dentist.

Dr. Young supervised all of the technical aspects of Ms. Duffy's responsibilities, told her when to report to work as well as what time to leave, and had the authority to grant or deny requests for sick leave and vacation time.

Beginning in December, 1999, Ms. Duffy began receiving a series of anonymous letters containing comments about her physical appearance, expressions of the sender's sexual desires for her, and statements that the sender did not plan to hurt her. These anonymous letters were sent to Ms. Duffy's father's address as well as to her own unpublished address. At the time she received the letters, Ms. Duffy was assigned as a dental assistant to male prisoners at Osborn Correctional Institution, a maximum security prison.

Plaintiff reported the incidents to Pamela Shea as well as to a Major in the Department of Corrections. Plaintiff completed a Department of Corrections incident report. Plaintiff also reported to Pamela Shea that another woman who worked at the Department of Corrections had received similar letters and notes on her calendar.

Following receipt of the first letter, the Plaintiff's work environment changed. She experienced ongoing anxiety and stress, and was made to feel vulnerable, intimidated and scared. The Department of Corrections investigated the incidents. Dr. Young, Ms. Duffy's supervising dentist, ultimately confessed to sending the letters and gifts to the Plaintiff. Despite Pamela Shea's recommendation that Dr. Young be dismissed because

his actions were devious, cunning and precalculated, Dr. Young was merely given a ten (10) day suspension and transferred to another facility.

Ms. Duffy continues to suffer anxiety and stress as a result of Dr. Young's conduct which occurred in connection with her employment in a maximum security prison. In addition, because Dr. Young was not terminated, Ms. Duffy is restricted as to the locations to which she could transfer and is prevented from attending meetings and conferences at which Dr. Young is in attendance.

                                      The Plaintiff
                                      ARLEANA DUFFY


                                      By_____
                                      Tani E. Sapirstein
                                      Federal Bar No. 21160
                                      Sapirstein & Sapirstein, P.C.
                                      1341 Main Street, 3rd Floor
                                      Springfield, MA 01103
                                      Tel: (413) 827-7500
                                      Fax: (413) 827-7797

Date: March __2__, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOCKET NO. 301CV295CFD

ARLEANA DUFFY, )
      PLAINTIFF )
v. )
 )
STATE OF CONNECTICUT, )
UNIVERSITY OF CONNECTICUT )
HEALTH CENTER & )
STATE OF CONNECTICUT )
DEPARTMENT OF CORRECTIONS, )   FEBRUARY 18, 2004
      DEFENDANTS )

## PLAINTIFF'S PROPOSED VOIR DIRE

1. What is your educational level?

2. Are you presently employed?

3. Where do you currently work?

4. What is your occupation?

5. Is your spouse employed?

6. What is the occupation of your spouse?

7. Do you have children?

8. What is(are) the occupation(s) of your child(children)?

9. Have you ever worked for the State or any subdivision thereof?

10. Have you ever worked for a law enforcement agency?

11. Were you ever in the military? If so, what was your rank?

12. Have you ever been a member of a union?

13. Have you ever held a supervisory or managerial position? Please describe such managerial or supervisory duties.

14. Have you or has anyone you know ever been accused of discrimination or harassment?

15. Do you believe that people can be injured by being discriminated against or harassed in the workplace?

16. Would you have any reservations in awarding damages for mental anguish, humiliation, nervous shock, emotional disturbance, alarm and anxiety?

17. Have you ever had any relationship to any of the parties involved in this case? If so, please explain.

18. Do you know, or are you related to, any of the attorneys in this case or any lawyer, employee or other person associated with these attorneys?

19. Do you know, or are you related to, any of the prospective witnesses whose names I have just read to you?

20. Do you have any prior knowledge of this case from any source?

21. Do you have any financial interest whatsoever in this case or its outcome?

22. Are you aware of any bias or prejudice that you may have in regard to this case, or in favor of, or against, any of the parties?

23. Have you expressed or formed any opinion with respect to this case?

24. Do you know of any other reason why you cannot or would not be indifferent and impartial and be able to render a true and just verdict based solely on the evidence and the law presented in the trial of this case?

The Plaintiff
ARLEANA DUFFY

By_____
Tani E. Sapirstein
Federal Bar No. 21160
Sapirstein & Sapirstein, P.C.
1341 Main Street, 3rd Floor
Springfield, MA 01103
Tel: (413) 827-7500
Fax: (413) 827-7797

Date March 2   2004

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOCKET NO. 301CV295CFD

| | |
|---|---|
| ARLEANA DUFFY,<br>      PLAINTIFF<br><br>v.<br><br>STATE OF CONNECTICUT,<br>UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER &<br>STATE OF CONNECTICUT<br>DEPARTMENT OF CORRECTIONS,<br>      DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>FEBRUARY 18, 2004 |

## **PLAINTIFF'S PROPOSED VERDICT FORM**

1. Was Ms. Duffy subjected to unwelcome harassment that was related to her sex?

    Yes _____           No _____

    If the answer is "yes," please answer Question No. 2.

    If the answer is "no," please date and sign this form.

2. Was the harassment Ms. Duffy suffered sufficiently severe or pervasive to alter the conditions of her employment by creating an abusive working environment?

    Yes _____           No _____

    If the answer is "yes," please answer Question No. 3.

    If the answer is "no," please date and sign this form.

3. Was the sexual harassment perpetrated by Ms. Duffy's supervisor?

    Yes _____           No _____

    If the answer is "yes," please answer Question No. 4.

    If the answer is "no," please answer Question No. 7.

4. Did the Defendants take reasonable steps to prevent the sexual harassment suffered by Arleana Duffy?

        Yes _____                  No _____

    If the answer is "yes," please answer Question No. 5.

    If the answer is "no," please answer Question No. 9.

5. Did the Defendants take reasonable steps to promptly and adequately correct the sexual harassment?

        Yes _____                  No _____

    If the answer is "yes," please answer Question No. 6.

    If the answer is "no," please answer Question 9.

6. Did Ms. Duffy take advantage of the preventive or corrective measures provided by the Defendants?

        Yes _____                  No _____

    If the answer is "yes," please answer Question No. 9.

    If the answer is "no," please date and sign this form.

7. Were the Defendants aware of the sexual harassment?

        Yes _____                  No _____

    If the answer is "yes," please answer Question No. 8.

    If the answer is "no," please date and sign this form.

8. Did the Defendants fail to take prompt and appropriate corrective action?

        Yes _____                  No _____

    If the answer is "yes," please answer Question No. 9.

    If the answer is "no," please date and sign this form.

9. Do you find that Ms. Duffy lost pay as a result of the Defendants' actions?

        Yes _____                  No _____

    If the answer is "yes," please answer Question No. 10.

    If the answer is "no," please answer Question No. 11.

10. What amount will fully compensate Ms. Duffy for her lost pay?

    Back Pay $_____

    Please proceed to Question No. 11.

11. Do you find that Ms. Duffy suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, or other nonpecuniary losses as a result of the Defendants' actions?

    Yes _____                  No _____

    If the answer is "yes," please answer Question No. 12.

    If the answer is "no," please sign and date this form.

12. What amount will fully compensate Ms. Duffy for her emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, or other nonpecuniary losses ?

    $_____

    Please date and sign this form.

Date:_____                  Signed:_____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOCKET NO. 301CV295

ARLEANA DUFFY,  )
    PLAINTIFF  )
v.  )
  )
STATE OF CONNECTICUT,  )
UNIVERSITY OF CONNECTICUT  )
HEALTH CENTER &  )
STATE OF CONNECTICUT  )
DEPARTMENT OF CORRECTIONS, )   FEBRUARY 18, 2004
    DEFENDANTS  )
_____)

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### Sexual Harassment - General

    Ms. Duffy has alleged that she has been forced to work in a hostile environment because of sexual harassment perpetrated by her supervisor.

    To prevail on her claim of hostile work environment sexual harassment, Ms. Duffy must first prove by a preponderance of the evidence that:

    1.    she was subjected to unwelcome harassment that was related to her sex; and,

    2.    the harassment was sufficiently severe or pervasive to alter the conditions of Ms. Duffy's employment by creating an abusive working environment.

See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

### Sexual Harassment - Reasonable Person Perspective

    In evaluating hostile work environment sexual harassment claims, you must look at the evidence from the perspective of a reasonable woman in a similar environment under similar circumstances. However, you may not view the evidence from the perspective of an overly sensitive person. That is, you must evaluate all of the circumstances of this case and determine whether a reasonable woman would have been offended by the conduct in question.

    The intent and perception the alleged harasser are irrelevant to this inquiry.

See Crowe v. Wiltel Communications Sys., 103 F.3d 897 (9th Cir. 1996); Fuller v. City of

Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995); Ellison v. Brandy, 924 F.2d 872, 878 (9th Cir. 1991); Lipsett v. University of Puerto Rico, 864 F.2d 881, 898 (1st Cir. 1988).

### Sexual Harassment - Defined

You must first determine whether Ms. Duffy was subjected to sexual harassment. Sexual harassment is any unwelcome harassment that is directed at an employee because of his or her gender.

Conduct that may amount to sexual harassment may include sexual innuendo, sexual or romantic advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature.

However, sexual harassment does not include conduct that is simply coarse, rude, or boorish.

Conduct is unwelcome if it is not solicited or invited and is regarded as undesirable or offensive.

See Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998); Moylan v. Maries County, 792 F.2d 746, 749 (8th Cir. 1986); Carter v. Rosenberg & Estis, P.C., 1998 U.S. Dist. LEXIS 4010 (S.D.N.Y. 1998); Mallenson-Montague v. Professional Bank, 95-WY-2969-AJ (D. Colo. 1997).

### Sexual Harassment - Severe and Pervasive

Next you must determine whether the conduct was sufficiently severe or pervasive. To determine this, you must look at all the circumstances surrounding the conduct, and determine:

1. whether a reasonable woman in Ms. Duffy's position would have found the conduct altered her working conditions and created an abusive working environment, and;

2. whether Ms. Duffy did, in fact, find that the conduct altered her working conditions and created an abusive working environment.

The types of factor you should take into account include the following:

1. the nature of the environment in which Ms. Duffy worked;

2. the nature of the conduct;

3. the severity of the conduct;

4. the frequency of the conduct;

5.  whether the conduct was physically threatening or humiliating;

6.  whether the conduct was merely an offensive utterance or occasional teasing;

6.  whether the conduct unreasonably interfered with Ms. Duffy's work performance;

6.  the context in which the alleged sexual harassment occurred;

7.  the effect the conduct had on Ms. Duffy's psychological well-being.

This is not an exhaustive list, as you must consider the totality of the circumstances. There is no mathematical formula to determine whether the conduct was severe or pervasive. However, the more severe the harassing conduct, the less pervasive it must be for you to find that the conduct amounted to unlawful sexual harassment.

See Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998); Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993); Sasaki v. Class, 92 F.3d 232 (4th Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1467, 1482 (3rd Cir. 1990).

**Sexual Harassment - Perpetrated by Supervisor**

To prevail on her hostile work environment sexual harassment claim, Ms. Duffy must also show that there is a specific basis for attributing the hostile work environment to the Defendants. An employer is presumed to be responsible for the hostile work environment when the harassment is perpetrated by the victim's supervisor. As a result, you must determine whether the harassment suffered by Ms. Duffy was perpetrated by her supervisor.

A harassing employee is considered to be a supervisor if he has actual authority to direct the victim's day-to-day work activities.

See Mack v. Otis Elevator Company, 326 F.3d 116 (2d Cir. 2003); Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2nd Cir. 1997); Dinkins v. Charoen Pokphand USA, Inc., 133 F.Supp.2d 1254, 1266 (M.D.Ala.2001); Kent v. Henderson, 77 F.Supp.2d 628, 634 (E.D.Pa.1999).

**Sexual Harassment by Supervisor - Affirmative Defense**

If you find that Ms. Duffy was sexually harassed, that the harassment she suffered was severe or pervasive, and that the harassment was perpetrated by Ms. Duffy's supervisor, you must determine whether the Defendants proved by a preponderance of the evidence that:

1.  the Defendants took reasonable steps to prevent the harassment suffered by Arleana Duffy;

2.  the Defendants took reasonable steps to promptly and adequately correct the sexual harassment; and

  3. Ms. Duffy failed to take advantage of the preventive or corrective measures provided by the Defendants.

If the Defendants prove all three factors, then you must find for the Defendants.

If the Defendant failed to prove any one of these factors, you must find for Ms. Duffy. See <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998); <u>Burlington Industries v. Ellerth</u>, 524 U.S. 742 (1998).

**<u>Sexual Harassment by Co-worker - Additional Factor</u>**

If you find that Ms. Duffy was sexually harassed by a co-worker, and not a supervisor, Ms. Duffy has two additional elements that she must establish in order to prevail on her claim of hostile work environment sexual harassment. If you find that Ms. Duffy was sexually harassed, that the harassment she suffered was severe or pervasive, and that the harassment was perpetrated by Ms. Duffy's co-worker, you must determine whether Ms. Duffy proved by a preponderance of the evidence that:

  1. the Defendants were aware or should have been aware of the sexual harassment; and,

  2. the Defendants failed to take prompt and appropriate corrective action.

If Ms. Duffy prove both factors, then you must find for Ms. Duffy.

If Ms. Duffy failed to prove either of these factors, you must find for the Defendants. See <u>Perry v. Ethan Allen, Inc.</u>, 115 F.3d 143 (2nd Cir. 1997).

**<u>Compensatory Damages - General</u>**

You may award Ms. Duffy damages that will fully compensate her for the losses she sustained as a result of the Defendants' unlawful actions.

These losses may include lost wages that Ms. Duffy sustained as a result of the Defendants' unlawful actions.

See <u>Equal Employment Opportunity Commission v. Kaffir, Philips, Ross, Inc.</u>, 420 F. Supp. 919, 923 (D. Conn. 1976); <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 415, 418 (1975); <u>EEOC v. Steamfitters Local 638</u>, 542 F.2d 579 (2d Cir. 1976); <u>Saulpaugh v. Monroe Community Hosp.</u>, 4 F.3d 134, 144 (2d Cir. 1993), cert denied, 510 U.S. 1164 (1994).

**<u>Emotional Distress Damages</u>**

Ms. Duffy may also recover compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." See <u>Berry v. Loiseau</u>, 223 Conn. 786, 811 (1992); <u>Ragin v. Laidlaw Transit, Inc.</u>, 1999 U.S. Dist.

LEXIS 16626 *11-16 (D. Conn. 1999); 42 U.S.C. § 1981a(b)(3).

If you return a verdict in favor of Ms. Duffy, you will have to consider whether and to what extent she suffered emotional injury as a result of the Defendant's unlawful action. See Tsombanidis v. City of West Haven, 180 F. Supp.2d 26, 295 (2001).

You should consider the testimony of witnesses, including Ms. Duffy, and any other evidence of mental or emotional injury apparent from the circumstances of the case. See Worthington v. City of New Haven, 1999 U.S. Dist. LEXIS 16104 *47-48 (D. Conn. 1999); Ragin v. Laidlaw Transit, Inc., 1999 U.S. Dist. LEXIS 16626 *11-16 (D. Conn. 1999).

Ms. Duffy may establish her emotional distress damages without the use of a medical expert.

See Berry v. Loiseau, 223 Conn. 786, 811 (1992); Luciano v. Olsten Corp., 912 F. Supp. 663, 674 (E.D.N.Y. 1996), aff'd, 110 F.3d 210 (2d Cir. 1997).

The Plaintiff
ARLEANA DUFFY

By _____
Tani E. Sapirstein
Federal Bar No. 21160
Sapirstein & Sapirstein, P.C.
1341 Main Street, 3rd Floor
Springfield, MA 01103
Tel: (413) 827-7500
Fax: (413) 827-7797

Date:   March ___, 2004