UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARLEANA DUFFY<br>*Plaintiff* | : CIVIL NO. 3:01CV295(CFD)<br>: |
| v. | : |
| STATE OF CONNECTICUT UNIVERSITY<br>OF CONNECTICUT HEALTH AND THE<br>STATE OF CONNECTICUT DEPARTMENT<br>OF CORRECTION<br>*Defendants* | :<br>:<br>:<br>: FEBRUARY 18, 2004 |

## DEFENDANT'S STATEMENT OF THE CASE

The plaintiff in this case is a dental assistant with the University of Connecticut Health Center (UCONN). During December 1999, she was employed at the Osborn Correctional Institution in Somers, Connecticut. During December 1999, Dr. Michael Young, a dentist, also employed by UCONN and working at Osborn, began sending the plaintiff anonymous letters and candy. The plaintiff reported this to her supervisor, Pamela Shea. The Department of Correction and UCONN Health Center began an investigation to discover the source of the letters. After the investigation, Dr. Young was disciplined by UCONN. As a part of that discipline, Dr. Young was suspended and transferred from Osborn Correctional Institution. He remains an employee of UCONN Health Center.

The plaintiff has filed this lawsuit alleging that UCONN and the Department of Correction subjected her to a hostile working environment in violation of Title VII and Conn. Gen. Stat. §46a-60.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: Antoria D. Howard
Assistant Attorney General
55 Elm Street, P.O. 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Federal Bar No. #ct17494
E-Mail:Antoria.Howard@po.state.ct.us

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARLEANA DUFFY<br>*Plaintiff* | : CIVIL NO. 3:01CV295(CFD)<br>: |
| v. | : |
| STATE OF CONNECTICUT UNIVERSITY<br>OF CONNECTICUT HEALTH AND THE<br>STATE OF CONNECTICUT DEPARTMENT<br>OF CORRECTION<br>*Defendants* | :<br>:<br>:<br>: FEBRUARY 18, 2004 |

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

1. Do you know any of the: (1) lawyers or law firms involved in this case; (2) the witnesses; (3) the parties?

2. As jurors, the court will instruct you about the law that applies to this case. Can you apply the law, not as you believe it should be or would want it to be, but only as instructed by the court, even if you personally disagree?

3. If, after hearing the evidence in this case and the Judge's instructions, you found that the defendant had not discriminated against the plaintiff, would you have any difficulty deciding in the defendant's favor, even though the plaintiff would receive no monetary award?

4. Have you or a member of your family or any close friends ever been employed by the State of Connecticut? If so, please state who was employed by the State, describe the position held, state when the position was held?

5. If you are employed, please state:

   A. the name of your employer;

  B. your job title;

  C. time you have been employed with current employer.

6. If you have a spouse who is employed, please state:

  A. the name of your spouse's employer;

  B. your spouse's job title;

  C. your spouse's time with current employer.

7. Have you or has any member of your family had any experience with any officer or employee of the State of Connecticut which would prevent you from considering the evidence impartially and fairly?

8. Many of the witnesses in this case are employed by the State of Connecticut, specifically in the University of Connecticut Health Center and Department of Correction. Have you or has any member of your family had a personal experience with a member or members of these agencies such that it would make it difficult to consider their testimony impartially and fairly?

9. Have you or has any member of your family ever been involved in what you consider to be a negative or unpleasant experience with the University of Connecticut Health Center or Department of Correction or any employee of those agencies? If so, please explain.

10. Have you ever held a position entailing supervisory responsibility including the right to hire, promote, fire, discharge, discipline and/or reprimand employees?

11. Have you or has any close friend or relative ever brought suit against the State of Connecticut or other governmental agency?

12. This case involves allegations of discrimination based upon gender and sexual harassment. Have you or has any close friend or relative had any personal experience that would make it difficult for you to consider such claims impartially and fairly with respect to all parties?

13. Do you have any opinion about lawsuits involving claims of discrimination generally, or employment discrimination in particular?

14. Have you, or any member of your family or circle of friends, ever filed a complaint or lawsuit against your/his/her employer or been involved, as a party or a witness, in a lawsuit against an employer? If the answer to the foregoing question is yes, what was the nature and circumstances of the complaint?

15. Have you, or any member of your family or circle of friends been treated unfairly by your/his/her employer because of gender, or any other reason? If so, please provide the details.

16. Have you, or any member of your family or circle of friends ever:

    A. Been a plaintiff or defendant in a lawsuit?

    B. Been a witness in a lawsuit?

    C. Belonged to any civil rights or civil justice organization?

If your answer is yes, please provide details and state whether this might affect your ability to judge this case fairly, and, if so, in what way?

17. Do you have any feelings for or against parties who come to court and sue for money damages?

18. Have you ever served on a jury before? If the answer is yes, please state when and what type of case?

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *(signature)*
Antoria D. Howard
Assistant Attorney General
55 Elm Street, P.O. 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Federal Bar No. #ct17494
E-Mail: Antoria.Howard@po.state.ct.us

## CERTIFICATION

I hereby certify that the foregoing was mailed this 3rd day of March 2004, first class postage prepaid, to:

Tani E. Sapirstein, Esq.
Sapirstein & Sapirstein, P.C.
1350 Main Street, 12th Floor
Springfield, MA 01103

*(signature)*
Antoria D. Howard
Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ARLEANA DUFFY                           : CIVIL NO. 3:01CV295(CFD)
   *Plaintiff*                         :
                                        :
v.                                      :
                                        :
STATE OF CONNECTICUT UNIVERSITY         :
OF CONNECTICUT HEALTH AND THE           :
STATE OF CONNECTICUT DEPARTMENT         :
OF CORRECTION                           :
   *Defendants*                        : FEBRUARY 18, 2004

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### A.   Connecticut General Statutes §46a-60

The plaintiff has alleged that she was sexually harassed because of her gender in violation of Title VII and Conn. Gen. Stat. §46a-60(a). The law is essentially the same with regard to what the plaintiff has to prove under these two statutes. In evaluating the state law claims, brought pursuant to Conn. Gen. Stat. §46a-60, you may consider the federal law, Title VII.[1]

### B.   Law of Title VII, Civil Rights Act of 1964

Title VII prohibits employers from refusing to hire, discharge from employment or discriminate or retaliate against individuals on the basis of race, color, gender, national origin and religion or for filing discrimination complaints.[2] The purpose of Title VII is to prevent discrimination in the workplace. Under the "disparate treatment of discrimination" theory, the plaintiff claims that she has been treated less favorably than

---

[1] See Brittell v. Department of Correction, 247. 148, 164 (1998); State v. Commission on Human Rights & Opportunities, 211 Conn. 464, 469-70 (1989).
[2] Authority: 42 U.S.C. §2000e-2(a)

other similarly situated employees because of her gender. The plaintiff has the ultimate burden of proof to show that the defendants intentionally discriminated against her.

The plaintiff has also alleged that the defendants subjected him to sexual harassment. Under Title VII, a claim of sexual harassment may proceed under one of two theories, i.e., quid pro qui, or hostile work environment.[3] Plaintiff has alleged that the defendants subjected her to a hostile work environment.

### 1. Burden Shifting Analysis of Title VII

To prevail on her claim of intentional discrimination, the plaintiff must prove that: (1) she is a member of a protected class; (2) she satisfactorily performed the duties of his position; (3) she was subject to some adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination.[4]

If the plaintiff meets his initial burden on these issues, then the burden shifts to the defendants to present a legitimate, nondiscriminatory reason for giving the actions taken. If the defendants asserts a legitimate, nondiscriminatory reason for their decisions, the burden shifts back to the plaintiff to prove that the defendants' stated reasons for their decision was merely a pretext for illegal discrimination. Furthermore, the plaintiff must

---

[3] Authority: Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L.Ed.2d 633 (1998).
[4] Authority: Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981); Ann Howard's Apricots Restaurant, Inc. v. CHRO, 237 Conn. 209 (1996).

also prove that the actual reason was not only a pretext, but an unlawful, discriminatory reason.[5]

### 2. Adverse Employment Action

In order to prevail on her claim of disparate treatment, plaintiff must prove that she was subjected to an adverse employment action, i.e., she was subjected to a significant change in his employment status. You may consider such things as a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities.[6] If you find that the plaintiff was not subjected to an adverse employment action, you must find that she has failed to prove a prima facie case of discrimination.

### 3. Employer's Legitimate Non-Discriminatory Reason(s)

If plaintiff succeeds in presenting evidence to establish her prima facie case of discrimination, defendants must articulate a legitimate, nondiscriminatory reason or reasons for its actions. If defendants demonstrate a legitimate, nondiscriminatory reason for temporarily transferring plaintiff to a different post, plaintiff then assumes the burden of showing that the reasons given by defendant were a pretext for discrimination discussed below. In considering the defendant's reason for its decision, you must consider any legitimate non-discriminatory reason or explanation stated by the defendants. The defendants must only articulate a nondiscriminatory reason. The defendants do not have to prove the absence of discrimination. Simply stating a basis for

---

[5] Authority: McDonnel Douglas Corp. v. Green, 411 U.S. 792 (1973); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507-08 (1993); Brown v. Coach Stores, Inc., 163 F.3d 706, 709-711 (2d Cir. 1998); Craine v. Trinity College, 259 Conn. 625, 636-646 (2002).
[6] Authority: Burlington Industries v. Ellerth, 524 U.S. 742 (1998)

the decision other than the plaintiff's gender is sufficient for the defendants to meet this burden.[7]

In considering defendants' stated reasons for its employment decision, you are not to second-guess the wisdom or reasonableness of defendant's business decisions. Indeed, an employer is not prohibited from making an employment decision based on non-discriminatory considerations no matter how subjective or unsound.[8] Furthermore, an employer is not required to demonstrate that its reasons for the decision are fair, merely that its explanation is clear and reasonably specific.[9] In this regard, subjective components of the employer's action such as the allegations made by the inmates can be as legitimate as any other reason.

If you find that the defendants have stated a legitimate non-discriminatory reason, then you must decide in favor of the defendants unless in your next consideration the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against the plaintiff because of her gender.

4. **Plaintiff's Burden To Show Pretext**

When you consider the plaintiff's evidence that the reason advanced by the defendant is a pretext for discrimination, keep in mind that the relevant question is whether the defendant's reasons were not the real reason for its action. The question is not whether the defendant's reason showed poor or erroneous judgment. You are not to

---

[7] Authority: Board of Trustees v. Sweeney, 439 U.S. 24, 25 (1978); Craine v. Trinity College, 259 Conn. 625, 643 (2002).
[8] Authority: Mauro v. Southern New England Telecommunications, 46 F.Supp.2d 181, 185 (D.Conn. 1999).
[9] Authority: Texas Dept of Community Affairs v. Burdine, 450 U.S. at 258 (1981).

judge the defendant's wisdom. The defendant is entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination. However, you may consider whether the defendant's reason is merely a cover-up for discrimination.

However, it is not enough for the plaintiff simply to prove that the defendant's stated reason for its decision was not the true reason. The reason for this is that the plaintiff always must prove by a preponderance of the evidence that she was treated differently because of her protected category, i.e. in this case, her gender. Thus, should plaintiff claim that the employer's administrative policies are inadequate or inefficient, this, in itself would not constitute evidence of pretext. Again, it should be remembered that the employer retains a large degree of discretion in making employment decisions, and the court or jury may not substitute its judgment for that of the employer.[10]

### 5.     Plaintiff's Ultimate Burden To Prove Intentional Discrimination

If you should find that the employer's reasons for ay decisions made in this case is "pretextual," that is, untrue, you cannot rule in plaintiff's favor on that finding alone. Should you find that plaintiff has proven that defendants' reasons were pretextual, the plaintiff must still prove by a preponderance of the evidence that discrimination based on gender motivated the employer in making its decisions. In this regard, the jury may rule in plaintiff's favor (i.e., infer the ultimate fact of intentional discrimination) based on evidence presented in plaintiff's prima facie case together with a finding on your part that the employer's proffered reason for the decision is false. Nevertheless, you the jury must

---

[10] Authority: Hill v. Mississippi State Employment Service, 918 F.2d 1233 (5th Cir. 1990); Ezold v. Wolf, Block, Schorr and Solis-Cohen, 983 F.2d 509 (3d Cir. 1992).

be mindful at all times, not to cloud the fact that it is the plaintiff's ultimate burden to prove that the defendant intentionally discriminated against her because of her gender.

### 6. Hostile Working Environment Under Title VII

To prevail under a claim for sexual harassment, the plaintiff must show that: 1) that she was the victim of sexual conduct that was sufficiently severe or pervasive so as to alter the terms and conditions of employment; (2) that the plaintiff herself found that this conduct was offensive; and (3) that a reasonable person also would find this conduct offensive.[11] The plaintiff must prove that the workplace was permeated with "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[12] These incidents must be more than episodic; "they must be sufficiently continuous and concerted in order to be deemed pervasive." [13] Simple teasing, offhand comments, and isolated incidents do not amount to discriminatory changes in the terms and conditions of employment. [14]

### 7. Damages Under Title VII

If you find that the plaintiff has proven any or all of her claims under Title VII, then you must decide what type of damages, if any, the plaintiff should receive, and how large a payment, if any, she deserves. The fact that I am instructing you concerning damages does not mean that you should decide for the plaintiff. In other words, my

---

[11] Authority: Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986).
[12] Authority: ." Harris v. Forklift Systems, Inc. 510 U.S. 17, 21(1993)
[13] Authority: Carrero v. New York City Housing Authority, 890 F.2d 569, 577 (2d Cir. 1989)
[14] Authority: Faragher v. Boca Raton, 524 U.S. at 775 (1998)

charge to you on the law of damages does not mean that I have any opinion as to whether the defendants should, in fact, be held liable or whether the plaintiff has suffered any actual harm.

If you decide that the plaintiff is not entitled to recover, your verdict will be for the defendants. If you decide that the plaintiff is entitled to recover, you must enter separate amounts for each type of damages, if any, on the verdict forms and must not include the same items in more than one category.

In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering. In weighing the issue of compensatory damages, you must ask yourselves two initial questions: First, has the plaintiff proven by a preponderance of the evidence that she suffered actual harm; and second, has she proven by a preponderance of the evidence that the defendants' illegal conduct proximately caused that harm? The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm. Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages.

With regard to any claim by plaintiff for emotional distress, the plaintiff must present evidence of the magnitude and duration of the harm he claims to have suffered, its severity or consequences, and the direct connection to proven wrongdoing by the defendants. In essence the plaintiff must prove "actual harm" based on "competent evidence" and not unsupported speculative claims of mental harm. The plaintiff must establish that she suffered demonstrable emotional distress and the evidence required

ordinarily encompasses physical suffering from the emotional distress, changes in behavior, damaged relationships, and efforts to engage in professional mental health counseling including medical evidence and/or testimony from mental health professionals to substantiate such claim.[15]

If you decide that the plaintiff has suffered specific harm due to the defendant's actions, then you must decide on the amount of money that will compensate her for this harm. It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiff. There is no fixed formula for you to apply. However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, she need not prove her damages with mathematical precision, but only with the degree of accuracy permitted by circumstances.

No amount of any compensatory damage award you make can be intended to punish the defendant. Federal law does not allow you to award punitive damages against the government or a government agency. Therefore, you may not award damages intended to punish the defendants.

### C. Defendant Employer's Business Judgment

As you consider the evidence you must keep in mind that the employer's business judgment is not the issue in this case, but rather you must focus solely on the employer's

---

[15] Authority: Carey v. Piphus, 435 U.S. 247, 263-64 (1978); Patrolmen's Benevolent Association v. City of New York, 310 F.3d 43, 55 (2d Cir. 2002); Scala v. Moore McCormack, 985 F.2d 680, 683-4 (2d Cir. 1993); McIntosh v. Irving Trust Company, 887 F.Supp. 662, 664-669 (S.D.N.Y. 1995).

motivation for its action.[16] The plaintiff must show more than that the defendants made unwise business decisions or unnecessary personnel moves, or acted arbitrarily. Good faith errors in an employers' business judgment are not, standing alone, evidence of discrimination.[17]

## ADDITIONAL REQUESTS

The defendants respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

---

[16] Authority: Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 16550 (D.Conn. 1999); Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986).

[17] Authority: Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259, 101 S.Ct. 1089 (1981); Scaria v. Rubin, 117 F.3d 652, 655 (2d Cir. 1997); Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988), Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir.), cert denied, 474 U.S. 829 (1985); Smith v. Monsanto Chemical Co., 779 F.2d 719, 723 n.3 (8th Cir. 1985) cert. denied, 475 U.S. 1050 (1986);

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARLEANA DUFFY<br>*Plaintiff* | : CIVIL NO. 3:01CV295(CFD)<br>: |
| v. | : |
| STATE OF CONNECTICUT UNIVERSITY<br>OF CONNECTICUT HEALTH AND THE<br>STATE OF CONNECTICUT DEPARTMENT<br>OF CORRECTION<br>*Defendants* | :<br>:<br>:<br>: FEBRUARY 18, 2004 |

## DEFENDANTS' PROPOSED JURY VERDICT FORMS

A.  **Plaintiff's Causes of Action - Title VII and Conn. Gen. Stat. §46a-60**

   **Defendant University of Connecticut Health Center**

   1.   Did plaintiff Arleana Duffy prove that defendant University of Connecticut Health Center violated her right to be free from discrimination in employment on the basis of gender?

   Yes _____   No _____

   If the answer to the preceding question is No, proceed no further.


   2.   If the answer to question 1 is Yes, do you find that the defendant University of Connecticut Health Center's actions in discriminating against plaintiff Arleana Duffy because of her gender were willful?

   Yes _____   No _____

3. Did plaintiff Arleana Duffy prove that a violation of her right to be free from discrimination in employment on the basis of gender was the proximate cause of any mental, physical or emotional distress sustained by her?

Yes ____   No ____

4. If the answer to the preceding question is Yes, what, if any, amount of money did plaintiff Arleana Duffy prove will fairly and reasonably compensate her for financial losses, mental, physical and emotional distress?

$ _____

5. If plaintiff Arleana Duffy has failed to prove actual damages, then do you find an award of one dollar in nominal damages appropriate?

Yes ____   No ____

### Plaintiff's Cause of Action - Title VII and Conn. Gen. Stat. §46a-60

### Defendant State of Connecticut Department of Correction -

1. Did plaintiff Arleana Duffy prove that defendant State of Connecticut Department of Correction violated her right to be free from discrimination in employment on the basis of gender?

   Yes _____   No _____

   If the answer to the preceding question is No, proceed no further.

2. If the answer to question 1 is Yes, do you find that the defendant State of Connecticut Department of Correction actions in discriminating against plaintiff Arleana Duffy because of her gender were willful?

   Yes _____   No _____

3. Did plaintiff Arleana Duffy prove that a violation of her right to be free from discrimination in employment on the basis of gender was the proximate cause of any mental, physical or emotional distress sustained by her?

   Yes _____   No _____

4. If the answer to the preceding question is Yes, what, if any, amount of money did plaintiff Arleana Duffy prove will fairly and reasonably compensate her for financial losses, mental, physical and emotional distress?

   $ _____

5. If plaintiff Arleana Duffy has failed to prove actual damages, then do you find an award of one dollar in nominal damages appropriate?

   Yes _____   No _____