UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARLEANA DUFFY | : | CIVIL NO. 3:01CV295 (CFD) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT UNIVERSITY OF CONNECTICUT HEALTH CENTER AND THE STATE OF CONNECTICUT, DEPARTMENT OF CORRECTION | : | |
| *Defendants* | : | APRIL 23, 2004 |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

In order to narrow the issues for trial, the defendants respectfully move, pursuant to Fed. R. Civ. P. 12(c), that judgment on the pleadings be granted in favor of Defendant State of Connecticut Department of Correction, in that this defendant is not the plaintiff's employer as required by Title VII. Also the defendants contend that the Eleventh Amendment bars plaintiff's claims under Conn. Gen. Stat. §46a-60 *et seq*.

This motion is accompanied by a memorandum of law stating the reasons why the defendants' request should be granted.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:   Antoria D. Howard
      Assistant Attorney General
      55 Elm Street
      Hartford, CT 06106
      Tel.:  (860) 808-5340
      Fax:  (860) 808-5383
      Federal Bar No. Ct #17494
      E-Mail:Antoria.Howard@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this _____ day of April 2004, first class postage prepaid, to:

> Tani E. Sapirstein, Esq.
> Sapirstein & Sapirstein, P.C.
> 1350 Main Street, 12th Floor
> Springfield, MA  01103

                                                                                                                      _____
                                                                                                                       Antoria D. Howard
                                                                                                                       Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARLEANA DUFFY | : | CIVIL NO. 3:01CV295 (CFD) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT UNIVERSITY OF CONNECTICUT HEALTH CENTER AND THE STATE OF CONNECTICUT, DEPARTMENT OF CORRECTION | : | |
| *Defendants* | : | APRIL 23, 2004 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

The plaintiff in this case is a dental assistant with the University of Connecticut Health Center (UCONN). During December 1999, she was employed at the Osborn Correctional Institution in Somers, Connecticut. During December 1999, Dr. Young, a dentist, also employed by UCONN and working at Osborn, began sending the plaintiff anonymous letters and candy. The plaintiff reported this to her supervisor, Pamela Shea and to Jeffery McGill, a Major with the Department of Correction, and an investigation was begun. After the investigation, Dr. Young was disciplined by UCONN. As a part of that discipline, Dr. Young was transferred from Osborn so that the plaintiff would have no further contact with him at work.

The plaintiff has filed this lawsuit alleging that UCONN and the Department of Correction subjected her to a hostile working environment in violation of Title VII and Conn. Gen. Stat. §46a-60.

The defendants contend the Department of Correction must be dismissed from this lawsuit in that it is not the plaintiff's employer, and as such is not liable under State and Federal law.

**ARGUMENT**

  **A.**  **STANDARD FOR JUDGMENT ON THE PLEADINGS**

A motion for judgment on the pleadings founded on the claim that the complaint has failed to state a claim should be granted when the defendants demonstrate that the plaintiff would not be entitled to any relief under the facts consistent with the allegations of the complaint.  *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989); *see also Sheppherd v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991).  The standard for such a motion is the same as for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).  *See Ad-Hoc Committee v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987).

  **B.**  **PLAINTIFF'S CLAIMS UNDER CONN. GEN. STAT. §46a-60** *et seq.* **ARE BARRED BY THE ELEVENTH AMENDMENT AND/OR THE DOCTRINE OF SOVEREIGN IMMUNITY**

In Counts Three, Four, Seven and Eight of plaintiff's complaint, she has alleged violations of Connecticut General Statutes §46a-60 et seq., which, among other things, prohibit discriminatory practices based upon sex.  The University of Connecticut Heath Center and the State of Connecticut, Department of Correction, both state agencies, are immune from all state causes of action, including the claims alleged by plaintiff pursuant to the Connecticut Fair Employment Practices Act  (CFEPA) because of the

4

constitutional doctrine of sovereign immunity founded in the 11th Amendment to the United States Constitution.

The Eleventh Amendment to the United States Constitution bars a suit in federal court against a state or one of its agencies absent the state's explicit consent to suit or the United States Congress' explicit abrogation of state immunity. *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99-100 (1984). This principle applies regardless of whether the plaintiff seeks equitable or legal relief. *Dube v. State University of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990), *cert. denied,* 501 U.S. 1211 (1991).

A state's sovereign immunity under the 11th Amendment may, of course, be waived, but it "is important to keep in mind that a state may waive its common law sovereign immunity without waiving its Eleventh Amendment immunity under federal law." *Magnolia Venture Capital Corp.v. Prudential Securities, Inc.,* 151 F.3d 439, 443 (5th Cir. 1998); *see also* Wright and Miller, *Federal Practice and Procedure: Jurisdiction* § 3524, at 171 n. 84 (2d ed. 1984)("A state's decision to waive its common law sovereign immunity should not be confused with its constitutional sovereign immunity provided by the Eleventh Amendment. A state can allow suit against it or its instrumentalities in its own courts without consenting to suit in federal court.") Moreover, a district court may find a waiver of a state's sovereign immunity only where such waiver is "unequivocally expressed" or indicated by a similarly unmistakable implication. *Penhurst,* 465 U.S. at 99; *see also Port Authority Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 309 (1990)("The Court will give effect to a State's waiver of Eleventh Amendment sovereign immunity only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.")

While the plaintiff might argue that the State has waived its common law sovereign immunity as to claims arising under CFEPA, she cannot establish that the state has consented to be sued in federal court for these claims. *See Garris v. Department of*

5

*Correction, et al*, 170 F. Supp. 2d 182, 187 (dismissing CFEPA claim against state and noting that "there is nothing in the Connecticut Statutes that constitutes an express waiver of Eleventh Amendment immunity for CFEPA claims. Absent an 'unequivocal expression' or 'clear declaration' of consent to defend CFEPA suits in federal court, the court may not find such a waiver of Eleventh Amendment immunity".) Accordingly, Counts Three, Four Seven and Eight should be dismissed.

### C. THE DEFENDANT DEPARTMENT OF CORRECTION IS NOT THE PLAINTIFF'S EMPLOYER, AS SUCH PLAINTIFF'S TITLE VII CLAIMS AGAINST THE DEPARTMENT OF CORRECTION MUST BE DISMISSED

In 1998, defendant, the State of Connecticut Department of Correction (DOC) entered into a Memorandum of Understanding with UCONN, whereby UCONN would assume full responsibility for the operation of the correctional health care system within the Department of Correction. All Department of Correction health care employees became employees of UCONN. The plaintiff was not hired until 1999, and thus was hired by UCONN. *See Exhibit A, Affidavit of Karen Duffy Wallace, with attachments.*

In determining whether an agency is in fact the plaintiff's employer, Courts look to various factors including, the authority to hire and fire, supervisory authority, administration of benefits and setting of personnel policy. *See*, *Kern v. City of Rochester* 93 F.3d 38, 45 (2d Cir. 1996); *Clinton's Ditch v. N.L.R.B.*, 778 F2d 132 (2d Cir. 1985). Although defendant DOC operates the prison where the plaintiff works, DOC does not exercise administrative control and authority over the plaintiff. *See Bramwell v. University of Connecticut Health Care Center, et al.* 3:00CV1934(SRU), Ruling On Motion For Judgment on the Pleadings (October 23, 2002 at pp. 3-5 (dismissing Title VII claim as to the Department of Correction because DOC was not the plaintiff's employer.). *See Exhibit B.*

6

Because defendant Department of Correction is not the plaintiff's employer in this case, it should be dismissed from this action.

**CONCLUSION**

For all of the reasons set forth above, the defendants respectfully request judgment enter for the defendants on Counts Three, Four, Seven and Eight of plaintiff's complaint. In addition, Defendant State of Connecticut Department of Correction requests that judgment be entered in its favor on all counts in that it is not plaintiff's employer as required by law.

                                  DEFENDANTS

                                  RICHARD BLUMENTHAL
                                  ATTORNEY GENERAL

BY:   Antoria D. Howard
       Assistant Attorney General
       55 Elm Street
       Hartford, CT 06106
       Tel.: (860) 808-5340
       Fax: (860) 808-5383
       Federal Bar No. Ct #17494
       E-Mail:Antoria.Howard@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this _____ day of April 2004, first class postage prepaid, to:

>Tani E. Sapirstein, Esq.
>Sapirstein & Sapirstein, P.C.
>1350 Main Street, 12th Floor
>Springfield, MA  01103

_____
Antoria D. Howard
Assistant Attorney General