UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARLEANA DUFFY | : | CIVIL NO. 3:01CV295 (CFD) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT UNIVERSITY OF CONNECTICUT HEALTH CENTER AND THE STATE OF CONNECTICUT, DEPARTMENT OF CORRECTION | : | |
| *Defendants* | : | MARCH 8, 2005 |

### DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

**INTRODUCTION**

In anticipation of trial, the defendants respectfully submit this Motion in Limine to rule on the admissibility of evidence, including testimony, regarding the 1998 incident of alleged sexual harassment involving an employee of the Department of Correction (hereinafter referred to as M.W.). The defendants also object to plaintiffs' exhibits which involve this employee and any reference to this employee and/or the incident.

**FACTS**

Plaintiff received anonymous letters and candy in December 1999. She reported this to her supervisor, Pamela Shea and an investigation was begun. During the course of the investigation, after first denying knowledge of the letters, Dr. Michael Young, a dentist who worked with the plaintiff, confessed to sending the letters and candy. He also confessed to sending similar letters to M.W. sometime in 1998. During 1998, M.W. reported to the Department of Correction that she had had received the two anonymous letters. The Department of Correction began an investigation into this incident. M.W. later decided that she did not want

to pursue the investigation, stating that she just wanted the letters to stop, which they had. Therefore, at that time, it was not discovered who had sent the letters. It was not until December 1999, during the investigation of the letters sent to the plaintiff, Dr. Young told investigators that he had sent the letters to M.W. The University of Connecticut had no knowledge of the 1998 incident until the investigation of the December 1999 incident involving the plaintiff.

**ARGUMENT**

The Motion in Limine, while not specifically authorized by statute or the Federal Rules of Evidence, arises under the court's inherent authority to manage the course of a trial under Rule 103(c). Luce v. U.S., 469 U.S. 38, 41, n.4, 105 S.Ct. 460, 463, n.4, 83 L.Ed.2d 443 (1984). This authority includes granting a Motion in Limine to exclude irrelevant evidence pursuant to Rules 402 and 403. U.S. Football League v. National Football League, 634 F.Supp. 1155, 1165 (D.C.N.Y. 1986), Chouinard v. Marjani, 21 Conn. App. 572, 575 (1990). In addition to preventing undue prejudice, the granting of a Motion in Limine can conserve the court's time and resources at trial, as well as reduce the possibility of a mistrial. With these principles in mind, the defendants, move, *in limine*, for an order excluding evidence involving M.W.

The defendants contend that pursuant to Rule 402 of the Federal Rules of Evidence, any evidence involving M.W. and the letters she received in 1998 are irrelevant in this case. The relevant portions of the Federal Rules of Evidence read as follows:

> **Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**
>
> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other

rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

The defendants anticipate the offering of this evidence by the plaintiff for the belief that the defendants, knew or should have known that Dr. Young was sending the notes to the plaintiff. It is undisputed that the defendant University of Connecticut had no knowledge of the 1998 incident until December 1999. With regard to defendant Department of Correction, M.W. asked that the investigation not be pursued; therefore the source of the letters was not discovered in 1998. Pursuant to Rule 402, this Court should not allow such evidence because it is irrelevant to the issue of whether the defendants subjected plaintiff to a hostile work environment in during 1999.

If the Court finds that evidence involving M.W. is relevant to this case, the defendants contend that the evidence must still be precluded on the grounds that it would be confusing to the jury and its probative value would be outweighed by unfair prejudice. Rule 403 provides:

> **Rule 403.  Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

As noted above, the defendants did not know that Dr. Young had written the letters to M.W. until he informed them during the 1999 investigation. This evidence if presented could mislead the jury into thinking that both the Department of Correction and the University of Connecticut had prior knowledge of the 1998 incident at the time the plaintiff complained. This

evidence could be unfairly prejudicial to the University of Connecticut, which had no knowledge of the prior incident whatsoever. Accordingly, the testimony of M.W. and any documents referencing her should be excluded at trial.

**CONCLUSION**

The defendants respectfully request that no evidence be admitted regarding M.W. and the 1998 incident.

        DEFENDANTS

        UCONN HEALTH CENTER, ET AL.

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

        _____

BY:    Antoria D. Howard
        Assistant Attorney General
        55 Elm Street
        Hartford, CT 06141-0120
        Tel.: (860) 808-5340
        Fax: (860) 808-5383
        Federal Bar No. Ct #17494
        E-Mail:Antoria.Howard@po.state.ct.us

## **CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed this _____ day of March 2005, first class postage prepaid, to:

      Tani E. Sapirstein, Esq.
      Sapirstein & Sapirstein, P.C.
      1341 Main Street
      Springfield, MA  01103

                                      _____
                                      Antoria D. Howard
                                      Assistant Attorney General