UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARLEANA DUFFY             : | CIVIL NO. 3:01CV295 (CFD) |
|    *Plaintiff,*          : | |
|                                             : | |
| v.                                    : | |
|                                             : | |
| STATE OF CONNECTICUT UNIVERSITY OF | |
| CONNECTICUT HEALTH CENTER AND THE | |
| STATE OF CONNECTICUT, DEPARTMENT OF | |
| CORRECTION                            : | |
|    *Defendants*          : | MARCH 8, 2005 |

**DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

**INTRODUCTION**

In anticipation of trial, the defendants respectfully submit this Motion in Limine to rule on the admissibility of evidence regarding alleged harassment by employees other than Dr. Michael Young and any alleged incidents of harassment occurring after December 1999. The defendants anticipate that the plaintiff will introduce evidence of incidents which occurred at the Osborn Correctional Institution after Dr. Young had been suspended and transferred to attempt to show a hostile work environment. The defendant respectfully object to such evidence on the grounds of relevancy and failure to exhaust administrative remedies.

**ARGUMENT**

      **Evidence of Incidents Occurring After December 1999 Are Irrelevant To This Case**

The Motion in Limine, while not specifically authorized by statute or the Federal Rules of Evidence, arises under the court's inherent authority to manage the course of a trial under Rule 103(c). Luce v. U.S., 469 U.S. 38, 41, n.4, 105 S.Ct. 460, 463, n.4, 83 L.Ed.2d 443 (1984). This

authority includes granting a Motion in Limine to exclude irrelevant evidence pursuant to Rules 402 and 403. U.S. Football League v. National Football League, 634 F.Supp. 1155, 1165 (D.C.N.Y. 1986), Chouinard v. Marjani, 21 Conn. App. 572, 575 (1990). In addition to preventing undue prejudice, the granting of a Motion in Limine can conserve the court's time and resources at trial, as well as reduce the possibility of a mistrial. With these principles in mind, pursuant to Rule 402 of the Federal Rules of Evidence, the defendants, move, *in limine*, for an order excluding evidence of alleged incidents of harassment occurring after Dr. Young had been transferred out of the Osborn facility. The defendants anticipate the offering of this evidence by the plaintiff for the belief that the defendants, continued to subject her to a hostile work environment because of Dr. Young. Pursuant to Rule 402, this Court should not allow such evidence because it is irrelevant to the issue of whether the defendants subjected plaintiff to a hostile work environment in during 1999. If this Court finds the evidence relevant, the defendants contend that the evidence must still be precluded on the grounds that its probative value would be outweighed by unfair prejudice. Rule 403.

### **Plantiff has Failed Too Exhaust Her Administrative Remedies on Any Incidents Occurring after December 1999**

The defendants contend that the plaintiff has failed to satisfy all jurisdictional prerequisites for raising any complaints of harassment occurring after December 1999. Plaintiff filed a complaint with the Commission on Human Rights and Opportunities (CHRO) and Equal Employment Opportunity Commission (EEOC) in June 2000. In that complaint, she alleged sexual harassment because of the anonymous letters and candy sent by Dr. Young. She does not mention any other incidents of alleged harassment in her affidavit of complaint, nor has she raised any further alleged incidents of harassment at the CHRO or EEOC.

Title VII requires that plaintiff exhaust her administrative remedies prior to bring a lawsuit in Federal Court. 42 U.S.C. §2000e-5(e)(1). It would be both prejudicial to the

2

defendants and against the weight of authority in our circuit to permit plaintiff to ignore her legal responsibility to exhaust her administrative remedies. See <u>Flaherty v. Metromail Corp</u>. 235 F.3d 133, 136 (2d Cir. 2000); <u>Hopkins v. Digital Equipment Corp.</u>, 1998 U.S. Dist. LEXIS 15762 (S.D.N.Y. 1998); see also <u>Gilmore v. Local 295, Int'l Board of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.</u>, 798 F.Supp. 1030, 1039 (S.D.N.Y. 1992). Accordingly, plaintiff should be precluded from presenting evidence regarding any alleged incidents of harassment not involving Dr. Young and occurring after December 1999.

**CONCLUSION**

The defendants respectfully request that no evidence be admitted regarding alleged acts of harassment of employees other than Dr. Young and occurring after 1999.

                                                DEFENDANTS

                                                UCONN HEALTH CENTER, ET AL.

                                                RICHARD BLUMENTHAL
                                                ATTORNEY GENERAL

BY:   Antoria D. Howard
        Assistant Attorney General
        55 Elm Street
        Hartford, CT 06141-0120
        Tel.: (860) 808-5340
        Fax: (860) 808-5383
        Federal Bar No. Ct #17494
        E-Mail:Antoria.Howard@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed this _____ day of March 2005, first class postage prepaid, to:

>Tani E. Sapirstein, Esq.
>Sapirstein & Sapirstein, P.C.
>1341 Main Street
>Springfield, MA  01103

_____
Antoria D. Howard
Assistant Attorney General