UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOCKET NO. 301CV295CFD

| | |
|---|---|
| ARLEANA DUFFY,<br>      PLAINTIFF<br>v.<br><br>STATE OF CONNECTICUT,<br>UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER &<br>STATE OF CONNECTICUT<br>DEPARTMENT OF CORRECTIONS,<br>      DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE
AND MEMORANDUM IN SUPPORT OF HER OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE**

The Plaintiff, Arleana Duffy hereby opposes the Motion in Limine of the State of Connecticut, University of Connecticut Health Center ("UCHC") and the State of Connecticut, Department of Correction ("DOC")(collectively "Defendants") to prevent the admission of evidence regarding incidents of harassment by employees other than Dr. Michael Young and any other incidents of harassment occurring after December 1999.

I.  **FACTS**

In 1999, the Defendants hired Ms. Duffy as a dental assistant at the medium to maximum security prison, Osborn Correctional Facility ("OCI"). In December of 1999, Dr. Young, a dentist employed by Defendants, began sending anonymous, sexually harassing letters to Ms. Duffy, one of the dental assistants who he supervised. Ms. Duffy complained to the Defendants about the letters.

During an investigation, Dr. Young confessed that he sent the anonymous letters

1

to Ms. Duffy. Following the investigation, the Defendants granted Dr. Young over a month of paid leave, from December 22, 1999 until January 28, 2000. Rather than dismissing Dr. Young, the Defendants agreed to enter into a "Last Chance Agreement" with Dr. Young. Pursuant to the "Last Chance Agreement", the Defendants suspended Dr. Young without pay for ten (10) days and transferred Dr. Young from OCI to Manson Youth Institute, a youth correctional facility. The Defendants did not restrict Dr. Young's access to OCI or to any other facility.

Ms. Duffy filed a complaint of sexual harassment against the Defendants with the Commission on Human Rights and Opportunities ("CHRO") and Equal Employment Opportunity Commission ("EEOC") in June of 2000. On or around February 26, 2001, Ms. Duffy filed her Complaint and Jury Demand with this Court ("Complaint").

As a direct result of filing her Complaint in this matter, Ms. Duffy was subjected to harassment by employees of the Defendants who were friendly with Dr. Young. Additionally, because the Defendants failed to take proper remedial measures after the initial harassment, Ms. Duffy was subjected to subsequent interactions with Dr. Young.

### III.   ARGUMENT

The Defendants assert that Ms. Duffy should be precluded from introducing evidence regarding any subsequent harassment because "it is irrelevant to the issue of whether the defendants subjected plaintiff to a hostile work environment in 1999." However, the Defendants have asserted, as an affirmative defense, that they took adequate remedial action after discovering the sexual harassment. Ms. Duffy respectfully submits that evidence of subsequent harassment by Dr. Young's friends, which was directed at Ms. Duffy for filing the present action, and subsequent interactions with Dr. Young is relevant to whether the Defendants in fact took adequate remedial measures.

Defendants also assert that Ms. Duffy should be precluded from presenting evidence of subsequent harassment and contact with Dr. Young because she did not allege this subsequent conduct at the EEOC and the CHRO. As an initial matter, the conduct at issue did not take place until after Ms. Duffy filed her Complaint in the present action. In such circumstances, the Second Circuit has held that incidents which are "reasonably related" to the allegations contained in an EEOC charge may be raised in the District Court. See Butts v. City of N.Y. Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1402 (2d Cir. 1993). All of the subsequent conduct which Ms. Duffy seeks to introduce into evidence is directly related to the original sexual harassment perpetrated by Dr. Young. Additionally, Ms. Duffy is not seeking to present a new cause of action against the Defendants. Rather, she is merely seeking to utilize this evidence of subsequent conduct to rebut the Defendants' assertion that they took adequate remedial action.

## III.   CONCLUSION

For the foregoing reasons, the Plaintiff, Arleana Duffy, respectfully requests that this Court deny the Defendants' motion to exclude evidence regarding incidents of harassment by employees other than Dr. Young and any other incidents of harassment occurring after December 1999.

                                          Respectfully submitted,
                                          The Plaintiff, Arleana Duffy,
                                          By Her Attorney,

                                          By: _____
                                          Tani E. Sapirstein, Esq.
                                          BBO #236850
                                          SAPIRSTEIN & SAPIRSTEIN, P.C.
                                          1341 Main Street, 3rd Floor
                                          Springfield, MA 01103
                                          Tel: (413) 827-7500
                                          Fax: (413) 827-7797

Date: March 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon the following, via first class mail, postage prepaid:

Antoria D. Howard, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT 06141-0120

_____
Tani E. Sapirstein

Date: March 11, 2005

K:\WP61\CASEFILE\Duffy\Lit\opp to mot limine subsequent.wpd