UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DOCKET NO. 301CV295CFD

ARLEANA DUFFY,
    PLAINTIFF

v.

STATE OF CONNECTICUT,
UNIVERSITY OF CONNECTICUT
HEALTH CENTER &
STATE OF CONNECTICUT
DEPARTMENT OF CORRECTIONS,
    DEFENDANTS

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE AND MEMORANDUM IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

The Plaintiff, Arleana Duffy hereby opposes the Motion in Limine of the State of Connecticut, University of Connecticut Health Center ("UCHC") and the State of Connecticut, Department of Correction ("DOC")(collectively "Defendants") to prevent the admission of the notes of Karen Duffy Wallace at trial. These notes consist of statements made by UCHC's agents or servants concerning a matter within the scope of their employment, during the existence of the employment relationship. As a result, these notes are not hearsay and should be admissible as evidence at trial.

I.    **FACTS**

As the Defendants noted in their Motion, Karen Duffy Wallace is the Director of Labor Relations at UCHC. As part of her duties at UCHC, Karen Duffy Wallace conducted a pre-disciplinary hearing for Dr. Michael Young, an employee of the Defendants. During this hearing, Ms. Duffy Wallace took notes regarding her own thoughts and the testimony of several witnesses. The witnesses at this hearing,

1

including Dr. Michael Young and Pamela Shea, were all employees of the Defendants. The testimony provided by the witnesses concerned matters within the scope of their employment relationship with the Defendants.

## II.   ARGUMENT

Federal Rule of Evidence 801(d)(2)(D) provides that "[a] statement is not hearsay if . . . [it] is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency of employment, made during the existence of the relationship." "A sufficient foundation to support the introduction of vicarious admissions therefore requires only that a party establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." Pappas v. Middle Earth Condominium Ass'n, 963 F.2d 534 (2nd Cir. 1992) citing United States v. Pilarinos, 864 F.2d 253, 257 (2d Cir. 1988); Davis v. Mobil Oil Exploration & Producing Southeast, Inc., 864 F.2d 1171, 1173-74 (5th Cir. 1989); Northern Pacific Ry. v. Herman, 478 F.2d 1167, 1171 (9th Cir. 1973).

As noted above, all of the statements contained in the notes of Karen Duffy Wallace were made by employees of the Defendants. The statements were made during the course of the witness' employment relationship with the Defendants. The statements related to matters within the scope of employment with the Defendants. Finally, the Plaintiff, Ms. Duffy, plans to offer these statements against the Defendants. Therefore, the statements contained in the notes of Karen Duffy Wallace are vicarious admissions. See Federal Rule of Evidence 801(d)(2)(D). The Second Circuit has noted that "admissibility under this rule should be granted freely." Pappas, 963 F.2d 534. As a result, the Defendants' motion should be denied.

## III.   CONCLUSION

For the foregoing reasons, the Plaintiff, Arleana Duffy, respectfully requests that

this Court deny the Defendants' motion to exclude the notes of Karen Duffy Wallace as evidence at trial.

> Respectfully submitted,
> The Plaintiff, Arleana Duffy,
> By Her Attorney,
>
> By: *[signature]*
> Tani E. Sapirstein, Esq.
> BBO #236850
> SAPIRSTEIN & SAPIRSTEIN, P.C.
> 1341 Main Street, 3rd Floor
> Springfield, MA 01103
> Tel: (413) 827-7500
> Fax: (413) 827-7797

Date: March 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon the following, via first class mail, postage prepaid:

Antoria D. Howard, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT 06141-0120

*[signature]*
Tani E. Sapirstein

Date: March 11, 2005

K:\WP61\CASEFILE\Duffy\Lit\opp to motion in limine and memo.wpd