## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**DOCKET NO.  301CV295**

| | |
|---|---|
| ARLEANA DUFFY, | ) |
| PLAINTIFF | ) |
| v. | ) |
| | ) |
| STATE OF CONNECTICUT, | ) |
| UNIVERSITY OF CONNECTICUT | ) |
| HEALTH CENTER & | ) |
| STATE OF CONNECTICUT | ) |
| DEPARTMENT OF CORRECTIONS, | ) |
| DEFENDANTS | ) |
| _____ | ) |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### Definition of "Employer"

In this case, the Plaintiff, Ms. Duffy claims that both the University of Connecticut Health Center and the Department of Corrections acted as her employers. University of Connecticut Health Center does not dispute that it was Ms. Duffy's employer. However, the Defendant Department of Corrections claims that it was not Ms. Duffy's employer. You must determine whether the Department of Corrections acted as Ms. Duffy's employer.

How do you determine whether the Department of Corrections was Ms. Duffy's employer? Under the law in this case, the term "employer" is broadly defined to include any organization that can significantly affect an individual's access to employment opportunities. For instance, when a traditional employer delegates employment responsibilities to another party, such as the responsibility for hiring, supervising or training employees, that other party is also considered to be an employer.

1

In determining whether an agency is in fact the plaintiff's employer, you may consider various factors including, the authority to hire and fire, supervisory authority, administration of benefits and setting of personnel policy.  See, Kern v. City of Rochester, 93 F.3d 38, 45 (2d Cir. 1996), cert denied 520 U.S. 1155, (1997); Clinton's Ditch v. N.L.R.B., 778 F.2d 132 (2d Cir. 1985).

Therefore, to determine whether the Department of Corrections was Ms. Duffy's employer, you must consider whether the Department of Corrections had the ability to affect Ms. Duffy's employment opportunities as a dental assistant in the correctional institutions.  If the Department of Corrections did not have the ability to affect Ms. Duffy's employment, then it cannot be liable to Ms. Duffy for sexual harassment. However, if you find that the Department of Corrections had the ability to affect Ms. Duffy's employment, whether as a traditional employer or through responsibilities delegated by the University of Connecticut, then it may be held liable for any unlawful sexual harassment suffered by Ms. Duffy.
See  Spirt v. Teachers Insurance & Annuity Ass'n, 691 F.2d 1054 (2nd Cir. 1982), vacated on other grounds, 463 U.S. 1223 (1983).

**Sexual Harassment - Defined**
You must first determine whether Ms. Duffy was subject to sexual harassment.  Sexual harassment is any unwelcome harassment in the workplace that is directed at an employee because of her gender.

Harassment is related to Ms. Duffy's sex if the harasser would not have subjected a man to the same treatment. Sexual harassment can take the form of sexual advances, requests for sexual favors, or other expressions of sexual desire.  However, it is not necessary that the acts at issue be motivated by sexual desires.  Any harassment directed at an employee because of the employee's gender is sexual harassment.

See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 79-80 (1998); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

Conduct that may amount to sexual harassment may include sexual innuendo, sexual or romantic advances, requests for sexual favors or other verbal or physical conduct of a sexual nature.

However sexual harassment does not include conduct that is simply coarse, rude, or boorish.

Conduct is unwelcome if it is not solicited or invited and is regarded as undesirable or offensive.

See Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998); Moylan v. Maries County, 792 F. 2d 746. 749 (8th Cir. 1986); Carter v. Rosenberg & Estis, P.C., 1998 U.S. Dist. LEXIS 4010 (S.D.N.Y. 1998); Mallenson-Montague v. Professional Bank, 95-WY-2969-AJ (D. Colo. 1997).

**Severe Or Pervasive**

If you find that Ms. Duffy suffered unwelcome harassment because of her sex, you must also determine whether the harassment she suffered was sufficiently severe or pervasive to alter the conditions of her employment by creating an abusive working environment.

To determine this, you must look at all the circumstances surrounding the unwelcome conduct, and determine:

Whether Ms. Duffy felt that the unwelcome conduct altered her working conditions and created an abusive working environment; and,

3

Whether a reasonable woman in Ms. Duffy's position would have found the unwelcome conduct altered her working conditions and created an abusive working environment. That is, you must evaluate all of the circumstances of this case and determine whether a reasonable woman in a similar working environment and under similar circumstances would have been offended by the unwelcome conduct in question.

The types of factor you should take into account in making this determination include the following:

1.  the nature of the environment in which Ms. Duffy worked;
2.  the nature of the conduct;
3.  the severity of the conduct;
4.  the frequency of the conduct;
5.  whether the conduct was physically threatening or humiliating;
6.  whether the conduct consisted of merely occasional teasing;
7.  whether the conduct interfered with Ms. Duffy's work performance;
8.  the context in which the alleged sexual harassment occurred;
9.  the effect the conduct had on Ms. Duffy's psychological well-being.

This is not an exhaustive list, as you must consider the totality of the circumstances. There is no mathematical formula to determine whether the conduct was severe or pervasive. However, the more severe the harassing conduct, the less frequent it must be for you to find that the conduct amounted to unlawful sexual harassment.

The intent and perceptions of Dr. Young are irrelevant to this inquiry.

See Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998); Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993); Sasaki v. Class, 92 F.3d 232 (4th Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d

1467, 1482 (3rd Cir. 1990).  See also Crowe v. Wiltel Communications Sys., 103 F.3d 897 (9th Cir. 1996); Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995); Ellison v. Brandy, 924 F.2d 872, 878 (9th Cir. 1991); Lipsett v. University of Puerto Rico, 864 F.2d 881, 898 (1st Cir. 1988).

**Sexual Harassment - Perpetrated by Supervisor**

An employer is presumed to be liable for sexual harassment that creates a hostile work environment when the harassment is perpetrated by the victim's supervisor.  When I say an employer is presumed to be liable, what does that mean?  Employers act through their supervisory employees and are thus, responsible for the conduct of those employees.   Thus, if an employee is sexually harassed by his or her supervisor, the conduct of the supervisor is considered to be the conduct of the employer.

Who is considered to be a supervisor?  An employee is considered to be a supervisor if he or she directs another employee's day-to-day work activities.  You should keep in mind that an employee may have more than one supervisor.

You must determine whether Dr. Young had the authority to direct Ms. Duffy in the performance of her day-to-day work activities.

See Mack v. Otis Elevator Company, 326 F.3d 116 (2d Cir. 2003); Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2nd Cir. 1997); Dinkins v. Charoen Pokphand USA, Inc., 133 F.Supp.2d 1254, 1266 (M.D.Ala.2001); Kent v. Henderson, 77 F.Supp.2d 628, 634 (E.D.Pa.1999).

**<u>Sexual Harassment by Co-worker - Additional Factor</u>**

If you find that Dr. Young did not have the ability to direct Ms. Duffy's day-to-day work activities, he must be considered to be Ms. Duffy's co-worker, and not a supervisor.  If Dr. Young was Ms. Duffy's co-worker, Ms. Duffy may still prevail on her sexual harassment claim.  However, she must demonstrate, by a preponderance of the evidence, two additional factors:

1.  Ms. Duffy must demonstrate that her employer was aware or should have been aware of the sexual harassment; and,

2.  Ms. Duffy must demonstrate that her employer failed to take prompt and appropriate corrective action.

If Ms. Duffy proves that the University of Connecticut was aware or should have been aware of the sexual harassment and failed to take prompt and appropriate action to remedy the sexual harassment, then you must find for Ms. Duffy and against the University of Connecticut.

Likewise, if you that the Department of Corrections is also able to affect Ms. Duffy's employment in the correctional institution, and therefore an "employer" for the purpose of this action, it should be held liable if it was aware or should have been aware of the sexual harassment and failed to take prompt and appropriate action to remedy the sexual harassment.

<u>See</u> <u>Perry v. Ethan Allen, Inc.</u>, 115 F.3d 143 (2nd Cir. 1997).

**Damages - General**

If you find that Ms. Duffy was not subjected to unlawful sexual harassment, as I have just described it, then you should inform the Court.  However, if you find that Ms. Duffy was subjected to unlawful sexual harassment, your next task is to determine the appropriate remedy.  Thus, when I give the following instructions on damages, it is with the assumption that you have found the presence of unlawful sexual harassment.  If you do not find unlawful sexual harassment in one of the ways I have just delineated, either by a co-worker or a supervisor, the following is irrelevant.

There are two types of monetary damages that may be relevant to this case: lost compensation and emotional pain and suffering.  I will define each of these categories for you.

**Compensatory Damages - General**

You may award damages to Ms. Duffy to fully compensate her for the losses she sustained as a result of the Defendants' unlawful actions.

Lost compensation is the amount of money equal to lost pay that Ms. Duffy would have received from her employer or employers if she had not been subjected to unlawful sexual harassment.  You should calculate lost pay for the period between the time that Ms. Duffy was sexually harassed through the present.

Lost pay need not be calculated to a mathematical certainty.  You need only have a reasonable basis for estimating the amount of wage loss that Ms. Duffy has suffered.  The goal of awarding lost compensation is to make the aggrieved party whole. See Equal Employment Opportunity Commission v. Kaffir, Philips, Ross, Inc., 420 F. Supp. 919, 923 (D. Conn. 1976); Albemarle Paper Co. v. Moody, 422 U.S. 415, 418 (1975); EEOC v. Steamfitters Local 638, 542 F.2d 579 (2d Cir. 1976); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 144 (2d Cir. 1993), cert denied, 510 U.S. 1164 (1994).

**Emotional Distress Damages**

As a victim of unlawful sexual harassment, Ms. Duffy is also entitled to money damages for nonpecuniary losses, such as emotional pain, suffering, fear, humiliation, anger, distress, anguish, and loss of enjoyment of life, which she suffered as a result. Therefore, you must decide if Ms. Duffy suffered pain, suffering, fear, humiliation, anger, distress, anguish, or loss of enjoyment of life.  If you find that she did, you must determine what amount of money would reasonably compensate her for what she has endured.

In awarding damages for emotional distress, you should consider the effect of the unlawful sexual harassment on Ms. Duffy.  You should consider the type of emotions she suffered and their intensity. You may award emotional distress damages even if there were other factors in Ms. Duffy's life that also caused her stress, or even if she has other conditions that make her vulnerable to suffering an increased amount of emotional distress.

Ms. Duffy is competent to testify to the cause and nature of the harm she has suffered. Testimony of a psychiatrist or psychologist is not necessary for you to award damages for emotional distress.

Fixing an amount for an emotional distress award is not necessarily an easy task.  You should be careful to base the award on the evidence you have heard, including the testimony of witnesses and any other evidence of mental or emotional injury based on the circumstances of the case.   However, the award need not be proved to a mathematical certainty.  Use you best judgment in arriving at a fair, reasonable amount to compensate Ms. Duffy.

    See Berry v. Loiseau, 223 Conn. 786, 811 (1992); Ragin v. Laidlaw Transit, Inc., 1999 U.S. Dist. LEXIS 16626 *11-16 (D. Conn. 1999); 42 U.S.C. § 1981a(b)(3); Tsombanidis v. City of West Haven, 180 F. Supp.2d 26, 295 (2001); Worthington v. City

<u>of New Haven</u>, 1999 U.S. Dist. LEXIS 16104 *47-48 (D. Conn. 1999); <u>Luciano v. Olsten</u> <u>Corp</u>., 912 F. Supp. 663, 674 (E.D.N.Y. 1996), aff'd, 110 F.3d 210 (2d Cir. 1997).

The Plaintiff, ARLEANA DUFFY
By Her Attorney,

By_____
Tani E. Sapirstein, Esq.

Federal Bar No. 21160
Sapirstein & Sapirstein, P.C.
1341 Main Street, 3rd  Floor
Springfield, MA 01103
Tel:  (413) 827-7500
Fax: (413) 827-7797

Date:  March 15, 2005

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above document was served upon the following, via first class mail, postage prepaid:

Antoria D. Howard
Assistant Attorney General
55 Elm Street
Hartford, CT 06141-0120

_____
Tani E. Sapirstein, Esq.

Date:   March 15, 2005

A:\Jury Instructions.wpd

9