UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARLEANA DUFFY | : CIVIL NO. 3:01CV295(CFD) |
| *Plaintiff* | : |
| v. | : |
| STATE OF CONNECTICUT UNIVERSITY OF CONNECTICUT HEALTH AND THE STATE OF CONNECTICUT DEPARTMENT OF CORRECTION | : |
| *Defendants* | : MARCH 16, 2005 |

## DEFENDANTS' MODIFIED PROPOSED JURY INSTRUCTIONS

### TITLE VII

### Sexual Harassment – General

Title VII prohibits employers from discriminating against employees, including a prohibition against sexual harassment. In this case, Ms. Duffy has sued both the University of Connecticut Health Center and the Department of Correction. You must consider whether one or both of these entities are the employer as required under Title VII.

### Definition of "Employer"

In this case, the Plaintiff, Ms. Duffy claims that both the University of Connecticut Health Center and the Department of Corrections acted as her employers. University of Connecticut Health Center does not dispute that it was Ms. Duffy's employer. However, the Defendant Department of Corrections claims that it was not Ms.

Duffy's employer. You must determine whether the Department of Corrections acted as Ms. Duffy's employer.

How do you determine whether the Department of Corrections was Ms. Duffy's employer? Under the law in this case, the term "employer" is broadly defined to include any organization that can significantly affect an individual's access to employment opportunities.

In determining whether an agency is in fact the plaintiff's employer, you may consider various factors including, the authority to hire and fire, supervisory authority, administration of benefits and setting of personnel policy.

See, Kern v. City of Rochester, 93 F.3d 38, 45 (2d Cir. 1996), cert denied 520 U.S. 1155,(1997); Clinton's Ditch v. N.L.R. B., 778 F.2d 132 (2d Cir. 1985).

**Sexual Harassment – Defined**

You must first determine whether Ms. Duffy was subjected to sexual harassment. Sexual harassment is any unwelcome harassment in the workplace that is directed at an employee because of her gender.

Harassment is related to Ms. Duffy's sex if the harasser would not have subjected a man to the same treatment. Sexual harassment can take the form of sexual advances, requests for sexual favors, or other expressions of sexual desire. However, it is not necessary that the acts at issue be motivated by sexual desires. Any harassment directed at an employee because of the employee's gender is sexual harassment.

See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 79-80 (1998); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998).

Conduct that may amount to sexual harassment may include sexual innuendo, sexual or romantic advances, requests for sexual favors or other verbal or physical conduct of a sexual nature. However sexual harassment does not include conduct that is simply coarse, rude, or boorish. Conduct is unwelcome if it is not solicited or invited and is regarded as undesirable or offensive.

See Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998); Moylan v. Maries County, 792 F. 2d 746, 749 (8th Cir. 1986); Carter v. Rosenberg & Estis, P.C., 1998 U.S. Dist. LEXIS 4010 (S.D.N.Y. 1998); Mallenson-Montague v. Professional Bank, 95-WY-2969-AJ (D. Colo. 1997).

**Sexual Harassment – Hostile Work Environment**

Under Title VII, a claim of sexual harassment may proceed under a theory entitled hostile work environment. The plaintiff has alleged that she was subjected to a hostile work environment because of sexual harassment perpetrated by Dr. Michael Young.

To prevail on a claim of sexual harassment based on a hostile work environment, a plaintiff must establish that the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of her work environment, and that a specific basis exists for imputing the conduct that created the hostile environment to the employer.

See Mack v. Otis Elevator Co., 326 F.23d 116, 122 (2d Cir. 2003); see also Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

3

In determining whether Ms. Duffy was subjected to a hostile working environment, you must look at all the circumstances surrounding the unwelcome conduct, and determine:

> (1) Whether the unwelcome conduct was sufficiently severe or pervasive to alter the conditions of Ms. Duffy's employment by creating an abusive working environment, and,.
>
> (2) Whether Ms. Duffy found the unwelcome conduct offensive and whether a reasonable woman in Ms. Duffy's position would have found the unwelcome conduct offensive.  That is, you must evaluate all of the circumstances of this case and determine whether a reasonable woman in a similar working environment and under similar circumstances would have been offended by the unwelcome conduct in question.

The types of factor you may take into account in making this determination include the following:

1. the nature of the conduct;
2. the severity of the conduct;
3. the frequency of the conduct;
4. whether the conduct was physically threatening or humiliating;
5. whether the conduct consisted of merely occasional teasing;
6. whether the conduct interfered with Ms. Duffy's work performance;
7. the context in which the alleged sexual harassment occurred;

This is not an exhaustive list, as you must consider the totality of the circumstances. There is no mathematical formula to determine whether the conduct was severe or pervasive. Generally the plaintiff must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment. **T**he more severe the harassing conduct, the less frequent it must be for you to find that the conduct amounted to unlawful sexual harassment.

See Cruz v. Coach Stores, Inc. 202 F.3d 560, 570 (2d Cir. 2000); Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Industries v. Ellerth, 524 U.S. 742 (1998); Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993); Sasaki v. Class, 92 F.3d 232 (4th Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1467, 1482 (3rd Cir. 1990). See also Crowe v. Wiltel Communications Sys., 103 F.3d 897 (9th Cir. 1996); Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995); Ellison v. Brandy, 924 F.2d 872, 878 (9th Cir. 1991); Lipsett v. University of Puerto Rico, 864 F.2d 881, 898 (1st Cir. 1988); Presley v. Pepperidge Farms, Inc., 2005 U.S. Dist. LEXIS 1695.

**Sexual Harassment – by Supervisor**

To prevail on her hostile work environment sexual harassment claim, Ms. Duffy must also show that there is a specific basis for attributing the hostile work environment to the defendants. An employer is presumed to be responsible for the hostile work environment when the harassment is perpetrated by the victim's supervisor, if the harassment culminates in a tangible employment action.

It is undisputed that Ms. Duffy did not suffer a tangible employment action, i.e., suspension, termination, transfer, etc..

You must determine whether the harassment suffered by Ms. Duffy was perpetrated by her supervisor.

A harassing employee is considered to be a supervisor is he has actual authority to direct the victim's day-today work activities or the individual has authority to undertake or recommend tangible employment decisions affecting the employee. In considering whether the harassing employee had supervisory authority over the victim, you may also consider whether Dr. Young had the power to hire, fire, demote, promote, transfer or discipline Ms. Duffy.

See Mack v. Otis Elevator Company, 326 F.3d 116, 126 (2d Cir. 2003); Perry v. Ethan Allen, Inc. 115 F.3d 143, 149 (2nd Cir. 1997); Dinkins v. Charoen Pokphand USA, Inc., 133 F.Supp.2d 1254, 1266 (M.D. Ala.2001); Kent v. Henderson, 77 F.Supp.2d 628, 634 (E.D.Pa. 1999); Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027 (7th Cir. 1998).

**Sexual Harassment – Affirmative Defense**

If you find that Ms. Duffy was sexually harassment by her supervisor, and there was no tangible employment action, her employer is liable for that sexual unless:

1. It took reasonable steps to prevent the harassment suffered by the plaintiff;

2. It took reasonable steps to promptly and adequately correct the sexual harassment; and/or

6

3.  The plaintiff failed to take advantage of any preventive or corrective measures provided by the employer.

You may find that the last factor is not relevant to this case in that Ms. Duffy did take advantage of the preventive measures provide by the employer, i.e., she did report that she had received the anonymous letters and candy.

See McCurdy v. Arkansas State Police, 375 F.3d 762, 771 - 773 (8th Cir. 2004); cert denied, 125 S. Ct. 1088 (2005).

In determining whether the defendant satisfies the remaining requirements of this defense, you may consider whether the defendants have an anti harassment policy with complaint procedures, and the response the defendants took in response to the complaints of the plaintiff.  See Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); see also Distasio v. Perkin Elmer Corp., 157 F.3d 55, 64-66 (2d Cir. 1998).

You may also consider the defendant's response to the harassment and whether it was proportional to the incident and reasonably designed to end the harassment and prevent future harassment.  See Murray v. New York Univ. College of Dentistry, 57 F.3d 243, 250 (2d Cir. 1995); see also Gonzalez v. Beth Israel Med. Ctr., 262 F. Supp. 2d 2342, 355 (S.D.N.Y. 2003)

**Sexual Harassment -  by Low-Level Supervisor or Co-worker**

If you find that Ms. Duffy was sexually harassed by a low-level supervisor, who did not rely on his supervisory authority to carry out the harassment or the harassment was perpetrated by Ms. Duffy's co-workers, the defendant will generally not be liable

7

unless the employer either: (1) provided no reasonable avenue of complaint, or (2) knew of the harassment, but did nothing about it.

See Karibian v. Columbia Univ. 14 F.3d 773, 780 (2d Cir. 1994), cert denied, 512 U.S. 1213, (1994); See Tomka v. Seiler Corp. 66 F.3d 1295, 1305 (2d Cir. 1995); see also Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761– 763 (1998); Faragher v. City of Boca Raton, 524 U.S., 775, 790, 807 (1998);  See Torres v. Pisano, 116 F.3d 625 (2d Cir.), cert. denied, 139 L.Ed.2d 404, 118 S. Ct. 563 (1997)  Miller v. Edward Jones & Co, 2005 U.S. Dist. LEXIS 1705.

If Ms. Duffy proves both factors, then you must find for Ms. Duffy.  If Ms. Duffy failed to prove either of these factors, you must find for the defendants.

See Perry v. Ethan Allen, Inc. 115 F.3d 143 (2nd Cir. 1997).

**Defendant Employer's Business Judgment – Discipline of Dr. Young**

As you consider the evidence you must keep in mind that the employer's business judgment is not the issue in this case with regard to the discipline given to Dr. Young, but rather you must focus solely on the employer's motivation for its action.  The plaintiff must show more than that the defendants made unwise business decisions or unnecessary personnel moves, or acted arbitrarily.  Good faith errors in an employers' business judgment are not, standing alone, evidence of discrimination.

See Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 16550 (D.Conn. 1999); Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986). Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259, 101 S.Ct. 1089 (1981); Scaria v. Rubin, 117 F.3d 652, 655 (2d Cir. 1997); Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988), Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir.),

8

cert denied, 474 U.S. 829 (1985); Smith v. Monsanto Chemical Co., 779 F.2d 719, 723 n.3 (8th Cir. 1985) cert. denied, 475 U.S. 1050 (1986);

**Damages Under Title VII - General**

If you find that the plaintiff has proven any or all of her claims under Title VII, then you must decide what type of damages, if any, the plaintiff should receive, and how large a payment, if any, she deserves. The fact that I am instructing you concerning damages does not mean that you should decide for the plaintiff. In other words, my charge to you on the law of damages does not mean that I have any opinion as to whether the defendants should, in fact, be held liable or whether the plaintiff has suffered any actual harm. If you decide that the plaintiff is not entitled to recover, your verdict will be for the defendants.

In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering. In weighing the issue of compensatory damages, you must ask yourselves two initial questions: First, has the plaintiff proven by a preponderance of the evidence that she suffered actual harm; and second, has she proven by a preponderance of the evidence that the defendants' illegal conduct proximately caused that harm? The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm. Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages.

**<u>Damages Under Title VII – Emotional Distress</u>**

You may consider awarding Ms. Duffy damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."

If you return a verdict in favor of Ms. Duffy, you will have to consider whether and to what extent she suffered emotional injury as a result of the defendant's unlawful action.

In considering damages for emotional distress, you must consider whether the plaintiff presented evidence of the magnitude and duration of the harm she claims to have suffered, its severity or consequences, and the direct connection to proven wrongdoing by the defendants. In essence the plaintiff must prove "actual harm" based on "competent evidence" and not unsupported speculative claims of mental harm. The plaintiff must establish that she suffered demonstrable emotional distress and the evidence required ordinarily encompasses physical suffering from the emotional distress, changes in behavior, damaged relationships, and efforts to engage in professional mental health counseling including medical evidence and/or testimony from mental health professionals to substantiate such claim.

 See <u>Tsombandis v. City of West Haven</u>, 180 F.Supp.2d 26, 295 (2001). <u>See</u> <u>Carey v. Piphus,</u> 435 U.S. 247, 263-64 (1978);  <u>Patrolmen's Benevolent Association v. City of New York</u>, 310 F.3d 43, 55 (2d Cir. 2002);  <u>Scala v. Moore McCormack,</u> 985 F.2d 680, 683-4 (2d Cir. 1993); <u>McIntosh v. Irving Trust Company,</u> 887 F.Supp. 662, 664-669 (S.D.N.Y. 1995).

You may consider the testimony of witnesses, including Ms. Duffy, and any other evidence of mental or emotional injury apparent from the circumstances of the case. Ms.

10

Duffy may establish her emotional distress damages without the use of a medical expert.

See Berry v. Loiseau, 223 Conn. 786, 811 (1992); Luciano v. Olsten Corp, 912 F. Supp. 663, 674 (E.D.N.Y. 1996), aff'd, 110 F.3d 210 (2d Cir. 1997)

If you decide that the plaintiff has suffered specific harm due to the defendant's actions, then you must decide on the amount of money that will compensate her for this harm.  It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proven by the plaintiff.  There is no fixed formula for you to apply.  However, you should not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence.  While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, she need not prove her damages with mathematical precision.

See Worthington v. City of New Haven, 1999 U.S. Dist. LEXIS 16104 *47-48 (D.Conn.1999); Ragin v. Laidlaw Transit, Inc. 1999 U.S. Dist. LIXIS 16626 *11-16 (D.Conn. 1999).

**ADDITIONAL REQUESTS**

The parties respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference.  This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach its verdict.

```
                              DEFENDANTS

                              RICHARD BLUMENTHAL
                              ATTORNEY GENERAL


                              _____
                        BY:   Antoria D. Howard
                              Assistant Attorney General
                              55 Elm Street, P.O. 120
                              Hartford, CT  06141-0120
                              Tel:  (860) 808-5340
                              Fax:  (860) 808-5383
                              Federal Bar No. #ct17494
```

## CERTIFICATION

I hereby certify that a copy of the foregoing was hand-delivered this 16th day of March 2005 the following counsel of record:

> Tani E. Sapirstein, Esq.
> Sapirstein & Sapirstein, P.C.
> 1341 Main Street
> Springfield, MA  01103

```
                              _____
                              Antoria D. Howard
                              Assistant Attorney General
```