UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARLEANA DUFFY : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil Action No. 3:01CV295(CFD) |
| : | |
| STATE OF CONNECTICUT, : | |
| UNIVERSITY OF CONNECTICUT : | |
| HEALTH CENTER, and STATE OF : | |
| CONNECTICUT DEPARTMENT OF : | |
| CORRECTIONS : | |
|     Defendants. | |

### RULING ON MOTION FOR A NEW TRIAL

The plaintiff, Arleana Duffy, a dental assistant employed in the State of Connecticut's Osborn Correctional Institution ("Osborn"), brought this action against the defendants, the University of Connecticut Health Center ("Health Center") and the State of Connecticut Department of Corrections ("the DOC"), alleging that the defendants subjected her to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq.[1] More specifically, Duffy claimed that a dentist employed by the defendants, Dr. Michael Young, sexually harassed her, thereby creating a hostile work environment. Following a two-day trial, the jury returned a verdict in favor of the defendants. Judgment was entered on April 7, 2005. Pending is Duffy's motion for a new trial pursuant to Fed. R. Civ. P. 59. For the following reasons, the motion for a new trial is denied.

---

[1] Although the complaint set forth additional claims against the defendants, those claims were abandoned before trial.

**I       Standard**

Fed. R. Civ. P. 59, provides, in relevant part, that: "A new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ."  Thus, a motion for a new trial may be based on, *inter alia*, an argument that "the trial was not fair to the party moving," or on "questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

"A motion for a new trial should be granted when, in the opinion of the district court, 'the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'" Song v. Ives Labs., Inc., 957 F.2d 1041, 1047 (2d Cir. 1992) (quoting Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 370 (2d Cir. 1988)); accord Broadnax v. City of New Haven, ___ F.3d ___, 2005 WL 1684211 (2d Cir. Jul 20, 2005).  A Rule 59 motion for a new trial "may be granted even if there is substantial evidence to support the jury's verdict . . . [and] a trial judge hearing a motion for a new trial is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner." Id. (quotations and citations omitted).  "A court considering a Rule 59 motion for a new trial must bear in mind, however, that the court should only grant such a motion when the jury's verdict is egregious. . . . Accordingly, a court should rarely disturb a jury's evaluation of a witness's credibility." Sabir, 214 F. Supp.2d at 244 (quoting DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998)); see also Dunlap-McCuller v. Riese Organization, 980 F.2d 153, 158 (2d Cir. 1992) ("the grant of a new trial on weight of

evidence grounds should be reserved for those occasions where the jury's verdict was egregious").

**I    Discussion**

Duffy sets forth two grounds upon which she is entitled to a new trial. Each will be addressed in turn.

   A) Supervisor Liability

As to Duffy's hostile work environment claim, the jury first had to consider whether Duffy was harassed by a supervisor.[2] The Court instructed the jury: "Under Title VII, an individual qualifies as an employee's supervisor if the individual has authority to undertake or recommend tangible employment decisions affecting the employee or to direct the employee's daily work activities." The jury found that Dr. Young was not Duffy's supervisor. Duffy claims that this finding was erroneous, and results in a miscarriage of justice.

In support of her claim, Duffy contends that (1) she testified that Dr. Young had the ability to direct her daily dental activities, (2) Dr. Young testified that he had authority over dental assistants in the field of dentistry, and (3) that Pamela Shea, the Health Services Administrator at Osborn, testified that Dr. Young had clinical supervisory authority over Duffy. Thus, Duffy argues that the evidence demonstrated that Dr. Young had authority to "direct [her] daily work activities." Moreover, Duffy argues that the jury's finding that Dr. Young was not her supervisor is "directly contrary to all of the evidence and testimony presented at trial."

---

[2]See Mack v. Otis Elevator Co., 326 F.3d 116, 123 (2d Cir. 2003) ("The starting point for analyzing employer vicarious liability in a Title VII hostile work environment action is to determine whether the person who allegedly created that environment is properly characterized as having been the plaintiff's 'supervisor'").

3

As the defendants note in their memorandum in opposition, however, there was considerable evidence supporting a finding that Dr. Young was not Duffy's supervisor. For example, Dr. Young testified that he was not Duffy's supervisor, did not set her work schedule, and that he was not even assigned to the same prison as Duffy on a daily basis, but rather rotated between that facility and another prison. Shea also testified that both Dr. Young and Duffy reported to *her* directly. In addition, in an affidavit of complaint Duffy filed with the Health Center, she indicated that "I complained [about the harassment] to Pam Shea, my immediate supervisor," while on another Health Center Violent Incident Report form she indicated: "Supervisor's name - Pam Shea."[3]

Taken as a whole, the Court does not find that the jury "reached a seriously erroneous result or . . . the verdict is a miscarriage of justice." Song, 957 F.2d at 1047 (quotations omitted). Consequently, the motion for a new trial on this ground is denied.

B) The Defendants' Knowledge of the Harassment

Because Dr. Young was found to be Duffy's co-worker, and not her supervisor, the jury next had to consider if the defendants "knew, or should have known, about the harassment but

---

[3] The defendants also note that the alleged harassment took the form of anonymous letters and notes, which Duffy received both at work and outside of work, and, even if Dr. Young could control Duffy's activities in the field of dentistry, he did not use that authority to harass Duffy, nor did it materially augment his ability to harass Duffy. Compare Mack, 326 F.3d at 125 ("We conclude from facts undisputed in the record on this appeal that [the harasser's] authority over [the victim], bestowed upon him by [the employer], enabled him, or materially augmented his ability, to impose a hostile work environment on [the victim]").

failed to take appropriate remedial action."[4]  The jury answered this question in the negative on the verdict form, and Duffy claims that this was erroneous, and results in a miscarriage of justice.

In support of her claim, Duffy contends that the evidence established that the defendants knew of Dr. Young's harassment of Marjorie Walsh, another woman working in Osborn, in 1998, failed to take appropriate remedial action at that time, and, as a result, Dr. Young was able to harass Duffy in 1999 through similar conduct.[5]  The Court finds, however, that the defendants provided sufficient evidence to support a finding that, even if they did know about the harassment, or should have known about it, they took appropriate remedial action.[6]

The evidence presented at trial demonstrated that Walsh reported the harassment to the DOC, filed a complaint and assisted Major McGill and Captain Loubier with an investigation. Moreover, the evidence demonstrated that upon initiation of the investigation the harassment of Walsh stopped, and Walsh requested that the investigation be terminated.  Consequently, the DOC did terminate its investigation, and Dr. Young was never identified as the individual who had harassed Walsh.  It was only during the investigation of Duffy's harassment that the DOC and Health Center learned that Dr. Young had been the individual who harassed Walsh.

---

[4] See Petrosino v. Bell Atlantic, 385 F.3d 210, 225 (2d Cir. 2004) ("Where an employee is the victim of sexual harassment, including harassment in the form of a hostile work environment, by non-supervisory co-workers, an employer's vicarious liability depends on the plaintiff showing that the employer knew (or reasonably should have known) about the harassment but failed to take appropriate remedial action").

[5] Duffy does not argue in her Rule 59 motion that the defendants knew of her harassment yet failed to take appropriate remedial action.  Rather, her argument focuses solely on the defendants' response to the harassment of another woman in 1998.

[6] The Health Center disputes Duffy's contention that it knew or should have known about the harassment of the other woman in 1998.

"The promptness and adequacy of an employer's response is generally a question of fact for the jury." Dobrich v. General Dynamics Corp., 106 F. Supp.2d 386, 394 (D. Conn. 2000) (citing Howley v. Town of Stratford, 217 F.3d 141, 154 (2d Cir. 2000)).  In this case, the Court finds that the jury had a sufficient evidentiary basis to find that the defendants, even if they knew of the harassment in 1998, took appropriate remedial action.  Consequently, the motion for a new trial on this ground is denied.

**III    Conclusion**

Duffy's motion for a new trial **[Doc. # 70]** is **DENIED**.

SO ORDERED this  16th  day of November 2005, at Hartford, Connecticut.

 /s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**